## HURT v. READ et al.
### No. 9195.

Circuit Court of Appeals, Fifth Circuit.
Dec. 18, 1939.

Sidney L. Samuels and Mark McGee, both of Fort Worth, Tex., and S. H. Morrison, of Big Spring, Tex., for appellant.

Clyde E. Thomas, of Big Spring, Tex., for appellees.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Charles Duncan Read owned 19,680 acres of land in Howard County, Texas. The land was divided into two ranches; the North Ranch consisting of 10,080 acres; the South Ranch consisting of 9,600 acres. The entire tract was encumbered with a mortgage for approximately $100,000. On April 1, 1927, Charles Duncan Read by deed conveyed the South Ranch to his three sons, H. Noble Read, Willard R. Read, and Norman H. Read. The consideration for the conveyance was recited as being love and affection and the assumption by the grantees of one-half the indebtedness against the 19,680 acres of land.

Thereafter, on September 16, 1927, the entire indebtedness was recast and a new loan was placed against the 19,680 acres of land. Two notes representing the indebtedness were executed and signed by Charles Duncan Read, the father, and H. Noble Read, Willard R. Read and Norman H. Read, the sons. By regular assignments and transfers the Travelers Insurance Company of Hartford, Connecticut, and Republic National Bank of Dallas, Texas, became the owners of the notes and liens against the properties. The Read brothers made payments amounting to $97,490.70 on the blanket indebtedness. These payments made from the individual funds of the three brothers reduced the indebtedness due Travelers Insurance Company to $61,926.72, and the indebtedness due Republic National Bank to $7,362.68.

On April 6, 1938, Charles Duncan Read, the father, was adjudicated a voluntary

bankrupt. Claims were filed by various creditors against the bankrupt's estate. The referee heard evidence, considered the claims, and entered an order allowing: 1. The claim of Travelers Insurance Company in the sum of $61,926.72 as a secured claim and as a "first, prior and preference lien" against the lands of the bankrupt; 2. The claim of Republic National Bank in the sum of $7,362.68 as a claim "secured by a second lien"; 3. A claim of the Read brothers in the sum of $42,049.20 as a "third lien claim"; 4. A claim of Lillie Moscow Hurt in the sum of $69,058.86 as "an unsecured claim".

The referee in allowing the claim of the Read brothers held that the $97,490.73 paid by them on the blanket indebtedness had been paid from their individual funds; that as between the father and the brothers, Charles Duncan Read, the father, was primarily liable for half the amount paid by the brothers; and that the brothers were subrogated to the rights of the lienholders to the extent of the amount paid by them in excess of their pro rata share of the whole indebtedness. He found this amount to be $48,745.36 less a credit of $6,696.16, monies paid to the father for cattle grazing on the North Ranch.

Lillie Moscow Hurt, one of the creditors of Charles Duncan Read, contested the claim of the brothers, Norman H. Read, Willard R. Read, and H. Noble Read. After the claim had been allowed she filed a petition for review. A hearing was had and the court denied the petition and approved and affirmed the findings, conclusions, and orders of the referee. Lillie Moscow Hurt has appealed complaining that the Read brothers were not entitled to be subrogated to the liens of Travelers Insurance Company and Republic National Bank.

■ The deed by which Charles Duncan Read, the father, conveyed the South Ranch to his sons is in no wise ambiguous. It is clear the parties intended that the grantees would pay one-half the blanket loan and no more. The findings of the referee and court that the consideration for the deed was the assumption of only one-half the whole indebtedness are fully supported by the record and will not be disturbed.

■ When the Read brothers made payment of $97,490.73, they discharged more than their share of the common indebtedness. They made the payment in order to protect their South Ranch against the blanket lien. They were, therefore, entitled to be subrogated to the rights of the lienholders. They were entitled to a lien upon the 10,080 acres of land in the North Ranch; this lien subject only to the superior rights of Travelers Insurance Company and Republic National Bank. 39 Tex. Jur., Subrogation, Sec. 7, p. 759, 760; 60 C. J., Subrogation, p. 730, 731; Cf. Holloman v. Oxford, Tex.Civ.App., 168 S.W. 437; In re McGuire, D. C., 137 F. 967.

■ The fact that the Read brothers had not paid the entire indebtedness is not a matter about which this appellant can complain. The lienholders make no objection to the subrogation in favor of the appellees. Moreover, there has been no prejudice to their rights. See 60 C. J., Subrogation, Sec. 29, p. 721; 60 C. J., Subrogation, Sec. 54, p. 747; 39 Tex. Jur., Subrogation, Sec. 8, p. 761; Banks v. Cartwright, Tex. Civ. App., 26 S.W.2d 708, 711; United States F. & G. Co. v. United Bank & Trust Co., 6 Cir., 228 F. 448.

The record supports the findings and orders of the referee and court.

The judgment is affirmed.