**Mary Lenti, et al., Plaintiffs-Appellants, v. Raymond Colomb, Defendant-Appellee.**

**Gen. No. 50,902.**

First District, First Division.

August 1, 1966.

Rehearing denied September 6, 1966.

Richard Altieri, of Chicago, for appellants.

Francis X. Cuisinier, of Chicago, for appellee.

MR. JUSTICE BURMAN delivered the opinion of the court.

This is an appeal from a decree of the Chancery Division of the Circuit Court of Cook County ordering that this cause be dismissed from the equity side and transferred to the law side of the court. This order was contrary to the recommendation of a Master in Chancery, who had held a full hearing in the case and had submitted a detailed report of his findings.

On September 11, 1958, plaintiffs, Mary Lenti and Angela Ebzery, who were co-owners of a restaurant business known as San-Mar Restaurant at 2535 W. 95th

Street in Chicago, entered into a contract to sell the business with its furnishings, furniture, and equipment to defendant, Raymond Colomb. The contract called for the immediate payment of $1,000 earnest money, with a further cash payment of $4,000 before October 1, 1958, and required the defendant to execute a confession of judgment note for the balance of $12,500, which was payable in monthly installments until November 1, 1961, and was to be secured by a chattel mortgage on the items sold. Defendant gave plaintiffs his check for $1,000; but shortly thereafter, he stopped payment on the check, claiming that certain of the items plaintiffs had contracted to sell had been removed from the premises. Defendant subsequently made no payments to plaintiffs on the contract. After remodeling the restaurant, defendant began operating it in December of 1958.

In October of 1959 plaintiffs filed their complaint in chancery, seeking specific performance of the contract of sale, and attaching a copy thereof. More specifically, they requested that the defendant be directed to pay them $5,000 in cash plus the installments which had become due, and to execute a judgment note and a chattel mortgage. Defendant moved to strike the complaint on the ground that plaintiffs had an adequate remedy at law in the form of money damages, but this motion was denied by the court in January of 1960. In his answer, defendant admitted the execution of the contract, the fact that he had stopped payment on his check, and that he refused to execute the note and chattel mortgage. He denied, however, that the plaintiffs had surrendered possession of the furniture, furnishings, and equipment, or that he had accepted them and operated the business. He further alleged that plaintiffs had wrongfully removed chattels and assets from the premises in breach of the contract; and that plaintiffs had a full and adequate remedy, if any, at law.

95

Sometime during 1960, defendant sold the business and all the furnishings, furniture, and equipment. In February of 1962, the court referred the case to a Master in Chancery to take evidence and to report to the court his conclusions of fact and law. When the case was reached on the regular trial call in April of 1963, no response was made by either party, and the case was dismissed for want of prosecution. It was reinstated on May 7, 1963, and referred to the Master.

In his report, filed February 8, 1965, the Master found from the evidence that the court had jurisdiction of the parties and the subject matter, and that on October 1, 1958, plaintiffs had delivered to the defendant actual or constructive possession of the premises and of all the items which were included within the contract of sale. The Master further found that the defendant was indebted to the plaintiffs in the amount of $17,500 plus interest from the dates the payments were due. He recommended that, ". . . since the time during which specific performance of the contract terms for time payments has long since expired, most of it while this matter was pending in Court, that the Court enter judgment in favor of plaintiffs and against defendant . . ." in the amount of $17,500 plus interest and costs.

Defendant filed his objections to the Master's report, included among which was the claim that when the hearings commenced on July 15, 1963, plaintiffs' remedy at law was adequate, and therefore, ". . . this cause should be transferred to the law side, if not dismissed." The Chancellor, by order of August 24, 1965, sustained this exception, finding that, ". . . since the chattel mortgage became due there was no need for any Equity Action, That the Plaintiffs could only get a money judgment." The case was dismissed from the equity side of the court and transferred to the law side, and the court found that, ". . . no just cause has been shown for the delay of any immediate appeal from this order." This appeal followed.

In the posture in which this case reaches us, there is no question that specific performance is not now an appropriate remedy for the plaintiffs, even if it may have been such at the time the suit was filed. This is true not only because the times for payment of all portions of the purchase price have passed, and the plaintiffs' right to collect, if any, is a present right, but also because defendant has subsequently sold the property which was to be covered by the chattel mortgage. The question posed by this appeal is whether the trial court was correct in its determination that the plaintiffs' prayer for damages must now be pursued in a suit at law, and not in the equity court, despite the fact that the case was originally brought in equity and the equity court took jurisdiction over it.

In Alter v. Moellenkamp, 23 Ill2d 506, 179 NE2d 4, the contract purchaser of land brought suit in equity against the contract seller for specific performance. The seller, in his answer, alleged among other things that he had conveyed the subject property to a third party. Plaintiff thereupon filed an amended complaint, joining the third party as a party defendant and seeking specific performance or damages from the seller and damages from the third party. The suit was dismissed by the trial court, but on appeal the Supreme Court held that despite the fact that the court could not have decreed specific performance it should have tried the case on the alternative prayer for damages. Citing Baker v. Salzenstein, 314 Ill 226, 234, 145 NE 355, the court stated, "Where a court of equity has taken jurisdiction for one purpose, it acquires it for all purposes and will do full and complete justice between all the parties." (23 Ill2d at 511.)

In our opinion, the same principle governs this case. At the time the plaintiffs filed their suit in equity for specific performance, the defendant had not yet disposed of the property which was to be covered by the chattel mortgage, and over half of the installment payments of the purchase price had not yet come due. The suit,

seeking in part that the defendant be required to execute the confession of judgment note and the chattel mortgage specified in the contract, was therefore properly brought in equity, and the equity court properly assumed jurisdiction over it. The trial court's recognition of the appropriateness of the suit for specific performance is evidenced by its original denial of defendant's motion to dismiss on grounds that the plaintiffs' remedy at law was adequate. Events occurring after the suit was filed, none of which was attributable to the plaintiffs, rendered specific performance no longer an appropriate remedy. Under these circumstances, we think the court of equity should have retained the case for consideration of plaintiffs' claim for damages. The parties were put to a lengthy and expensive hearing before a Master in Chancery, at which all of the factual and legal issues were litigated. It would seem grossly unfair as well as unnecessary to require them to begin again in a court of law.

Defendant cites Allen v. Illinois Mineral Co., 299 Ill App 537, 20 NE2d 898. In that case the Appellate Court affirmed the Chancellor's dismissal of a suit for want of equity where the remedy sought was a strictly legal remedy. But that case differs from the one at bar in that the court in Allen found the complaint did not state a cause of which a court of equity would have jurisdiction. 299 Ill App at 541. The action filed in that case was, from its inception, one which should have been brought at law; and when the evidence failed to reveal any basis for equitable jurisdiction, the Chancellor properly dismissed the suit. In the case at bar, however, the suit was properly brought in equity, and it was only the change of conditions after the filing of the suit which made the equitable remedy of specific performance inappropriate.

We have considered the other arguments of the defendant, and find them without sufficient merit to warrant

further discussion. The order of the Chancery Division of the Circuit Court of Cook County dismissing the cause from the equity side and transferring it to the law side is reversed, and the cause remanded to the Chancellor with directions to consider the other objections made to the Master's report.

Reversed and remanded with directions.

KLUCZYNSKI, P. J. and MURPHY, J., concur.