Estate of Marvin L. Isaacson, Deceased, General Federal Savings & Loan Association, Claimant-Appellee, v. Alan J. Hertz, Successor Executor of Estate of Marvin L. Isaacson, Deceased, Respondent-Appellant.

Gen. No. 50,994.

First District, Fourth Division.

February 15, 1967.

Bernard Kleinman and Frank J. Belline, of Chicago, for appellant.

Kriebel & Jorgenson, of Chicago, for appellee.

MR. PRESIDING JUSTICE ENGLISH delivered the opinion of the court.

This appeal has been taken from an order allowing the claim of General Federal Savings & Loan Association in the amount of $72,051.57 against the Estate of Marvin L. Isaacson, deceased. The basis for the claim was a nonrecourse mortgage note made to claimant by Chicago

National Bank, as Trustee. The payments required by the note were guaranteed by three individuals, including the decedent, Marvin L. Isaacson.

In the trial court there was no defense raised to the merits of the claim, but respondent contended there, as here, that the obligation of the three guarantors was joint and not several, and that the claim could therefore not properly be allowed since the other guarantors had not been joined.

██ ██ We find no validity in respondent's argument. The language of the note,* when considered in its en-

---

* The pertinent paragraphs provide:

12. This Note is executed by the aforementioned Trustee, not personally, but as Trustee as aforesaid in the exercise of the power and authority conferred upon and vested in it as such Trustee, and is payable only out of the property specifically described in said Mortgage securing the payment hereof, by the enforcement of the provisions contained in said Mortgage. No individual liability shall be asserted or be enforceable against the promisor or any person interested beneficially or otherwise in said property specifically described in said Mortgage given to secure the payment hereof, or in the property or funds at any time subject to said Trust Agreement, because or in respect of this Note or the execution, issue or transfer hereof, all such liability, if any, being expressly waived by each taker and holder hereof, *but nothing herein contained shall modify or discharge the individual liability expressly assumed by any guarantor hereof,* and each original and successive holder of this Note accepts the same upon the express condition that no duty shall rest upon the undersigned to sequester the rents, issues and profits arising from the property described in said Mortgage, or the proceeds arising from the sale or other disposition thereof, but that in case of default in the payment of this Note or of any installment hereof the sole remedy of the holder hereof shall be by foreclosure of the said Mortgage given to secure the indebtedness evidenced by this Note, in accordance with the terms and provisions in said Mortgage set forth *or by action to enforce the personal liability of any guarantor of the payment hereof,* or both.

13. *We, the undersigned, hereby guarantee* the performance of the payments and conditions herein contained, and hereby waive notice of and consent to any and all extensions of this Note or any

tirety, seems to create a joint and several liability on the part of the guarantors. However, even if respondent were correct in his contention that the wording of the note should be construed to create a joint guaranty obligation, no relief could be afforded him in that situation. By statutory enactment, in effect since 1874, it has been provided that "all joint obligations and covenants shall be taken and held to be joint and several obligations and covenants." Ill Rev Stats 1963, c 76, § 3.

Furthermore, the Civil Practice Act applies to this type of probate proceeding (Ill Rev Stats 1963, c 3, § 5) and section 27 thereof provides:

> All parties to a joint obligation, including a partnership obligation, may be sued jointly, or separate actions may be brought against one or more of them. A judgment against fewer than all the parties to a joint or partnership obligation does not bar an action against those not included in the judgment or not sued. Nothing herein permits more than one satisfaction.

Ill Rev Stats 1963, c 110, § 27.

These statutes are so clearly determinative of the kind of contention raised in this case that, understandably, there have been very few decisions on the subject.

---

part thereof, without notice, and *each hereby waive* demand, presentment for payment, notice of nonpayment and protest, and any and all notice of whatever kind or nature and the exhaustion of legal remedies hereon. *To further secure the payment of this Note,* we hereby authorize, irrevocably, any attorney of any court of record to appear for us, in any court, in term time or vacation, at any time after default and *confess a judgment jointly and severally,* without process, in favor of the Mortgagee, its successors or assigns, for the unpaid balance of principal and interest exclusive or [sic] other advances, together with costs and reasonable attorney's fees and to waive and release all errors which may intervene in any such proceeding and consent to immediate execution on such judgment, hereby ratifying and confirming all that our said attorney may do by virtue hereof. (Emphasis supplied.)

See, however, Northeastern Coal Co. v. Tyrrell, 133 Ill App 472, 477; Poiset v. Townsend, 166 Ill App 384, 388–389; Albers v. Holsman, 289 Ill App 239, 244, 7 NE2d 161; Gage v. Mechanics' Nat. Bank of Chicago, 79 Ill 62, 63; all of which support the conclusion reached by the trial judge in the case now before us.

The authorities cited by respondent do not appear to us to be relevant to the instant issue. Those cases are: Sinnickson v. Richter, 140 Ill App 212, 214; Vilter Mfg. Co. v. Loring, 136 F2d 466, 468–470; Kesner v. Faroll, 268 Ill App 531, 540; Castle v. Powell, 261 Ill App 132, 144; Phoenix Mfg. Co. v. Bogardus, 231 Ill 528, 531, 83 NE 284.

The judgment of the Circuit Court is affirmed.

Affirmed.

DRUCKER and McCORMICK, JJ., concur.