MICHAEL S. POZSGAY, Plaintiff-Appellant, *v.* ALLEN A. FREE *et al.*, Defendants and Third-Party Plaintiffs-Appellees.—(JOHN J. POSGAY, JR., *et al.*, Third-Party Defendants.)

Fifth District    No. 79-565

Opinion filed September 4, 1980.

Edward Neville, of East St. Louis, for appellant.

Jim F. Keehner, Ltd., of Belleville, for appellees.

Mr. JUSTICE KARNS delivered the opinion of the court:

Plaintiff, Michael S. Pozsgay, appeals from the judgment of the Circuit Court of St. Clair County awarding him damages in the sum of $3,834, against defendants, Allen D. Free and Helen Earline Free, on an indemnity contract executed by defendants in favor of plaintiff.

On appeal, plaintiff contends that the court erred in apportioning the damages among the co-indemnitors as the agreement subjected the indemnitors to joint and several liability. Plaintiff also assigned as error the trial court's refusal to order specific performance by defendants of their promise, incorporated in the indemnity agreement, to execute a note and mortgage on their home to secure the payment of any amount plaintiff was required to pay in guaranteeing a computer lease.

This suit was occasioned by the bankruptcy of Time-Share, Inc., a Missouri company engaged in the business of making available for hire computer equipment and services. The plaintiff, defendant Allen Free, plaintiff's nephew John Pozsgay and others were stockholders in the company. The principal operating officers were Free and John Posgay who had experience and prior employment in a similar computer business and apparently persuaded the plaintiff, a medical doctor, to invest in Time-Share Inc. and assist them in securing capital for this undertaking.

It was necessary to obtain computer equipment and a lease was entered into in March 1971 between Time-Share, Inc., and I. W. Hickham, Jr., of Houston, Texas, whereby the latter leased a computer to Time-Share for 72 months for a consideration of $123,662. Hickham declined to execute the lease without the personal guaranty of the plaintiff, his nephew and defendant. The plaintiff, in turn, declined to execute the guaranty without the personal undertaking of defendant and his wife, and his nephew, John Posgay, and his wife, indemnifying plaintiff for any loss he might incur because of payments he might be required to make to Hickham under the computer lease guaranty or as a result of the computer lease and guaranty. The parties entered into such an agreement which they styled an agreement of "guaranty," but which we believe in law is an agreement of indemnity.

The Frees and Posgays further agreed to execute in favor of plaintiff notes secured by mortgages on their homes, "payable at a rate of at least $200 per month, paying towards both principal and interest accruing at a rate of 8% per annum on the unpaid balance of any such payment or payments made by Michael S. Pozsgay."

Time-Share, Inc. was not successful and eventually went into bankruptcy. The computer lease was assigned or the computer sold to a company called American Used Computer, but the plaintiff was required to expend $10,692, according to the trial court's finding, in delinquent lease payments under his guaranty to Hickham and various expenses, including legal fees, in order to mitigate the possible loss under the computer lease and guarantee. John Posgay and his wife, Betty, executed a note and mortgage on their homes as required by their indemnity agreement. The defendants did not do so.

This suit in equity was commenced in March 1972, praying for spe-

cific performance by the defendants of their agreement to execute the note and mortgage on their home in accordance with their agreement with plaintiff. The complaint alleged that plaintiff's remedy at law was inadequate as any judgment would be uncollectable.

Defendants, with leave of court, filed a third-party complaint against John Posgay and Betty Posgay praying that in the event plaintiff "should be successful in regard to his prayer for specific performance, the third-party defendants should bear all or part of the responsibility thus imposed upon the third-party plaintiffs." .

The cause came to trial in September 1979. Shortly after plaintiff's complaint was filed in 1972, defendant's home, the subject of the suit in equity, was sold, apparently by agreement of the parties. Plaintiff had filed a lis pendens notice at the time of filing his complaint and plaintiff's attorney represented to the court, without contradiction, that the parties had agree that the home could be sold and the action would proceed as one for damages, the proceeds from the sale apparently being held in escrow pending the outcome of the litigation. Thus, plaintiff's prayer for specific performance apparently was not advanced in the trial court and has been abandoned on appeal, as defendants' home had been sold prior to trial. Third-party defendants John and Betty Posgay did not appear and were defaulted, but no further action appears to have been taken on the third-party complaint.

■■ In this court no serious objection has been raised to the propriety of the suit proceeding as one for money damages. There is authority holding that a suit in equity for specific performance of a contract for the sale of property may proceed as one for money damages when the property, the subject of the suit, has been sold. (*Lenti v. Colomb* (1966), 74 Ill. App. 2d 94, 220 N.E.2d 65.) Inasmuch as the parties have treated the suit as properly one for money damages, it was proper for the trial court, sitting as a court of equity, to fashion an appropriate remedy if equitable relief were no longer possible.

■ We believe the trial court erred, however, in awarding plaintiff a judgment for only one-third the amount found due plaintiff. The trial court apparently apportioned plaintiff's loss between the plaintiff, defendants Free and defendants Posgay. The suit, however, was not premised on the guaranty agreement securing the lease of the computer equipment; this was not in issue. Plaintiffs' suit was brought on defendants' promise to indemnify plaintiff for any loss he might incur because of his execution of the computer guaranty. The trial court was in error in apportioning plaintiff's loss. The liability of the indemnitors was joint and several. Plaintiff could sue either or both. *Estate of Isaacson v. Hertz* (1967), 80 Ill. App. 2d 109, 225 N.E.2d 106; Ill. Rev. Stat. 1977, ch. 76, par. 3.

■■ As to the amount recoverable by plaintiff, defendants argue that they

would only be liable for interest in the event they were furnished an appropriate note and mortgage by plaintiff for execution as the agreement provided that they would sign a note, with interest at 8% on the unpaid balance of any amount plaintiff was required to pay to Hickham under the computer lease "upon demand" by plaintiff. We believe this is a tortured and narrow reading of the indemnity agreement and would permit defendants to evade the payment of interest on their failure to execute the promised note and mortgage which they were obliged to execute under the agreement. Furthermore, an indemnitee is generally entitled to interest on amounts he is required to pay. 21 Ill. .L. & Prac. *Indemnity* §16 (1977).

■■ If defendants Frees are compelled to pay more than their share, however, the co-indemnitors, the Posgays, should be required to bear their ratable proportion of the amount the Frees are required to pay. An indemnitor, as any joint obligor, who pays more than his share is entitled to contribution from the other indemnitors, including interest from date of payment. (*National Bank v. First Wisconsin National* (1977), 53 Ill. App. 3d 482, 492, 368 N.E.2d 119, 127; *Harris v. Buder* (1945), 326 Ill. App. 471, 475-76, 62 N.E.2d 131, 133.) While the third-party defendants were defaulted, because the trial court apportioned the damages, no relief has been afforded defendants on their third-party claim. The cause must be remanded for consideration of defendants' third-party claim. Defendants requested the trial court to require the plaintiff to assign the note and mortgage of John and Betty Posgay as security for their claim for contribution against the third-party defendants should they pay more than their share of plaintiff's claim. Inasmuch as plaintiff has sought equity, he must do equity and the trial court should consider favorably defendants' request that their claims against the third-party defendants be secured in this manner. Under general principles of equitable subrogation, we believe the third-party plaintiffs' claim for contribution should be so secured. *Hurt v. Read* (5th Cir. 1939), 108 F.2d 282; 83 C.J.S. *Subrogation* §§17, 19 (1953).

The judgment of the Circuit Court of St. Clair County is reversed and the cause remanded with directions that judgment be entered in favor of plaintiff and against defendants, Allen Free and Helen Earline Free, in the amount of $10,692 plus interest computed in accordance with this opinion. The trial court is further directed to consider third-party plaintiffs' claim against third-party defendants, all in accordance with the views expressed herein.

Reversed and remanded.

HARRISON and KASSERMAN, JJ., concur.