In the Matter of JOHNS–MANVILLE/ASBESTOSIS CASES.

No. 77 C 3534.

United States District Court,
N. D. Illinois, E. D.

May 15, 1981.

Daniel S. Hefter, Hugh R. McCombs, Jr., William F. Murphy, Isham, Lincoln & Beale, John E. Passarelli, Clausen, Miller, Gorman, Caffrey & Witous, Chicago, Ill., for plaintiff.

C. Joseph Yast, Lord, Bissell & Brook, Chicago, Ill., for defendant.

MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

North American Asbestos Corporation ("North American"), Hooker Chemicals and Plastics Corporation ("Hooker") and Cassiar Resources, Ltd. ("Cassiar") are among the numerous defendants in the Johns-Manville asbestosis cases consolidated for pretrial purposes (the "Asbestosis Cases"). Hooker has filed third party complaints and cross-claims against North American for indemnity. Cassiar has filed third party complaints against North American seeking contribution.[1] North American has moved

---

1. This opinion is applicable to and entered in the following cases: Hooker's third party complaints in *McDaniel* (77 C 3534) and *Aiken* (79 C 1382); Hooker's crossclaims in *Baker* (80 C 11), *Biga* (80 C 10), *Bruce* (79 C 4965), *V. Cole* (79 C 5340), *Fernandez* (80 C 2629), *Lewis* (79 C 5335), *Maglio* (79 C 4951), *Ostrowski* (80 C 1195), *Pitts* (79 C 5338), *Wells* (79 C 5336); and Cassiar's third party complaints in *Aiken* (79 C 1382) and *Guillen* (78 C 866). Cassiar had in addition filed a third party complaint against North American in *Lonergan* (78 C 2562), but

to dismiss all such crossclaims and third party complaints. For the reasons stated in this memorandum opinion and order that motion is granted.

On May 19, 1978 North American was dissolved as a corporation by the Illinois Secretary of State. All substantive questions in these diversity actions must be answered under Illinois law, including Ill.Rev. Stat. ch. 32, § 157.94 ("Section 94"):

> The dissolution of a corporation . . . shall not take away or impair any remedy available to or against such corporation, its directors, or shareholders, for any right or claim existing, or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within two years after the date of such dissolution.

Each of the parties invokes the provisions of Section 94—obviously advancing sharply different interpretations.

### Hooker

■ Under common law principles no action would lie against a dissolved corporation. *Canadian Ace Brewing Co. v. Joseph Schlitz Brewing Co.*, 629 F.2d 1183, 1185 (7th Cir. 1980). Because both Hooker and Cassiar filed their actions against North American after its dissolution, their claims are viable only if permitted by Section 94. With a single exception it is not disputed that all the claims against North American were filed within the statutory two-year period.[2] But North American argues that Section 94 only applies to causes of action that *accrue* before a corporation is dissolved. Under Illinois law an action for indemnification does not accrue until after the indemnitee (Hooker) has been held liable or has settled. *See, Forty Eight Insulators v. Johns-Manville Products*, 472 F.Supp. 385, 393 (N.D.Ill.1979). Because Hooker has yet to be found liable, or agree to a settlement, in any of the Asbestosis

Cases, its action for indemnity cannot have accrued within two years after North American's dissolution. North American thus contends that because Hooker's claims are not covered by the provisions of Section 94 Hooker cannot sue the now-dissolved corporation.

Hooker concedes that under Illinois law actions for indemnity do not accrue until after the indemnitee's liability has been established. But it points out that Section 94 permits an action based on "any right or claim existing" prior to dissolution. Hooker argues that while its right to indemnification has yet to "accrue," that right was born (in statutory terms, became a "right . . . existing") as soon as the tort was committed that exposed Hooker to liability.

■ Both Illinois case law and the developmental history of Section 94 strongly support North American's and not Hooker's position. In *Singer & Talcott Stone Co. v. Hutchinson*, 176 Ill. 48, 51 N.E. 622 (1898) the Illinois Supreme Court examined a predecessor statute to Section 94 that stated a corporate dissolution:

> shall not take away or impair any remedy given against such corporation, its directors, or shareholders, for any liability incurred prior to such dissolution if suit thereon is brought and service of process had within two years after the date of such dissolution.

It defined the statutory purpose (176 Ill. at 52, 51 N.E. 622):

> Section 12 was enacted for the benefit of those whose rights had accrued against the corporation previous to its dissolution. . .

True enough, the statute considered in *Singer & Talcott* preserved a remedy only for "liabilities incurred" before dissolution. It did not contain the "right or claim existing" language now found in Section 94.

---

this Court has since granted summary judgment for Cassiar in that case. If any of the parties finds this opinion either inapplicable to any of the listed cases or applicable to other cases, appropriate notices should be served on the Court and opposing counsel.

2. North American contends that the crossclaim in *Fernandez* (80 C 2629) was not filed within two years after its dissolution. Although Hooker disputes that assertion, given this Court's interpretation of Section 94 it is not necessary to address the issue.

But Hooker can derive no comfort from that fact, given the manner in which that language entered the law.

Initially (the version interpreted in *Singer & Talcott*) the statute preserved only actions *against* a corporation after its dissolution. Then in 1941 it was amended also to permit actions *by* a corporation after dissolution (see Ill.Bus.Corp. Act Ann. § 94 at 513 (3d ed. 1975)), and that was done by adding both the words "to or" and the words "right or claim existing" to the statute.

We thus have the familiar situation in which one disjunctive set of terms ("to or against") is logically read in conjunction with another disjunctive set ("any right or claim existing, or any liability incurred") by pairing the first term of each set and similarly pairing the last terms. That parsing of the statute comports not only with the way the statute grew but with normal grammatical construction.[3] It is just as though the statute had two provisions reading:

> ... any remedy available to ... such corporation ... for any right or claim existing ... prior to such dissolution ...
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> ... any remedy available ... against such corporation ... for ... any liability incurred prior to such dissolution ...

This is precisely the thrust of *O'Neill v. Continental Illinois Co.*, 341 Ill.App. 119, 136, 93 N.E.2d 160, 168 (1st Dist. 1950) (emphasis added):

> In our judgment the language of Section 94 is clear and unambiguous. Under that section [1] *any right or claim existing on*

behalf of a corporation or [2] *any liability incurred by* a corporation prior to its dissolution may be enforced.

Indeed, that construction is fully consistent with the use of the term "right," which in both Hohfeldian and common usage attaches to a party *asserting*, not a party *defending*, a claim. Just as the term "liability" refers to obligations owed *by* the dissolved corporation, so "right or claim" must refer to obligations owed *to* that corporation. In each instance the term relates to the dissolved corporation itself, not to its adversary.[4]

Thus *Singer & Talcott* retains its full vigor as to post-dissolution *liabilities* of a corporation. And in those terms it spoke in terms of "those whose rights had *accrued* against the corporation ..." (emphasis added). That language in turn invokes the concept of "accrual" of indemnification actions, which as already discussed is fatal to Hooker's claims.

This Court's reading of Section 94 is supported by the most recent Illinois decision applying the statute. In *Blankenship v. Demmler Mfg. Co.*, 89 Ill.App.3d 569, 44 Ill.Dec. 487, 411 N.E.2d 1153 (1st Dist. 1980) plaintiff had purchased a machine from the corporate defendant before its dissolution but brought a strict liability action for an injury that occurred more than two years after dissolution. Plaintiff's claim was rejected, 89 Ill.App.3d at 574, 411 N.E.2d at 1156–57:

> Since a cause of action based on strict liability accrues at the time of the injury [citation omitted], the time period provided in the survival statute had expired several years before the plaintiff's claim

---

**3.** Hooker's statutory interpretation arguments, predicated on the need to give every word in a statute meaning and the presumption that legislators "know the meanings of words and the rules of grammar," thus actually support the position stated in this opinion. As stated in the text, the operative principle is an application of *reddendo singula singulis*. 2A C. Sands, *Sutherland's Statutes and Statutory Construction* § 47.26 (4th ed. 1973).

**4.** Hooker's own references to the term "right" in its memorandum again support the analysis in this opinion rather than its own arguments.

Hooker cites *Lasko v. Meier*, 394 Ill. 71, 75, 67 N.E.2d 162, 165 (1946) for the proposition that "a right is a component part of *a cause of action*," and *In re Wynn's Estate*, 311 Ill.App. 190, 196, 35 N.E.2d 702, 705 (2d Dist. 1941) for the proposition that "a right is a *power or privilege to which one is entitled* by law." It seeks to argue that *its* "right," not North American's, existed at the time of dissolution—a position that does not comport with either the statutory framework or the normal construction of the statutory language.

even arose. In the absence of a statute permitting a cause of action which accrues after dissolution to be brought against a dissolved corporation, plaintiff has no valid cause of action . . .

Like the purchase of a defective machine in *Blankenship*, plaintiffs' actions against Hooker in the Asbestosis Cases present only a potential injury. North American cannot *incur* any liability until it is first known whether Hooker's indemnity action will accrue. Accordingly Hooker's claims against North American must be dismissed.

### Cassiar

Cassiar contends that under the Illinois contribution statute (Ill.Rev.Stat. ch. 70, §§ 301 et seq.) an action for contribution accrues *before* any judgment has been entered:

> *Section 302. Right of Contribution.*
>
> (a) Except as otherwise provided in this Act, where two or more persons are subject to liability in tort arising out of the same injury to person or property, or the same wrongful death, there is a right of contribution among them, even though judgment has not been entered against any or all of them.
>
> (b) The right of contribution exists only in favor of a tortfeasor who has paid more than his pro rata share of the common liability, and his total recovery is limited to the amount paid by him in excess of his pro rata share.
>
> \* \* \* \* \* \*
>
> *Section 305. Enforcement.* A cause of action for contribution among joint tortfeasors may be asserted by a separate action before or after payment, by counterclaim or by third party complaint in a pending action.

But although the statute by its terms applies to any cause of action arising on or after March 1, 1978, it did not take effect until September 14, 1979—*after* North American's dissolution. Accordingly the question whether North American's liability for contribution had accrued at the time of dissolution must be determined not under the statute but under the then-existing case law.

Illinois courts first recognized the right of contribution in tort actions in March 1978 (while North American was still alive), in *Skinner v. Reed-Prentice Division Package Machinery Co.*, 70 Ill.2d 1, 15 Ill.Dec. 829, 374 N.E.2d 437 (1978). *Skinner* did not speak to the time of "accrual" of the right to contribution, but the concept of contribution has long been a part of Illinois law pertaining to joint debtors. As with the right to indemnification, "[T]he right of contribution is one which accrues to one or more individuals *who pay the debt* to which all are bound . . ." (emphasis added). 12 I.L.P., Contribution, § 2; *accord, Pozsgay v. Free*, 87 Ill.App.3d 1113, 1116, 42 Ill.Dec. 939, 409 N.E.2d 554, 557 (5th Dist. 1980).

*Blankenship* and this Court's earlier analysis therefore control Cassiar's contribution claims to the same extent as Hooker's indemnification claims. Cassiar's actions for contribution against North American must be dismissed.

### Conclusion

North American's motion to dismiss is granted under Fed.R.Civ.P. 12(b)(6), because the third party complaints and cross-claims of Hooker and Cassiar against North American fail to state claims upon which relief can be granted.