# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*A Plus Janitorial Co. v. Group Fox, Inc.*, 2013 IL App (1st) 120245

---

| | |
|---|---|
| Appellate Court Caption | A PLUS JANITORIAL COMPANY, INC., n/k/a A + Janitorial and Supply, Inc., an Illinois Corporation, Plaintiff-Appellant, v. GROUP FOX, INC., an Illinois Corporation, and WOJCIECH RUSIN, an Individual, Defendants-Appellees. |
| District & No. | First District, Sixth Division<br>Docket No. 1-12-0245 |
| Filed | March 29, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The dismissal of a dissolved corporation's complaint alleging breach of contract, breach of an employment agreement and tortious interference with an employment agreement was upheld, notwithstanding the fact that the trial court based its decision on plaintiff's lack of standing, since the dismissal was proper as a matter of law and was upheld on the basis of existing precedent that a dissolved corporation lacks the capacity to sue for claims arising after the dissolution. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-L-3501; the Hon. Daniel J. Pierce, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Lucas M. Fuksa and Nathaniel T. Cutler, both of Fuksa Khorshid LLC, of Chicago, for appellant.

Stephen A. Gorman, of Law Offices of Stephen A. Gorman, of Chicago, for appellee Group Fox, Inc.

Anthony DeBlasio and David M. Gower, both of DeBlasio & Donnell LLC, of Oak Brook, for appellee Wojciech Rusin.

Panel

JUSTICE REYES delivered the judgment of the court, with opinion.

Presiding Justice Lampkin and Justice Gordon concurred in the judgment and opinion.

## OPINION

¶ 1        Following the dismissal of its complaint with prejudice, plaintiff A Plus Janitorial Company (A Plus) now appeals the decision of the trial court. The trial court granted the motions to dismiss of the defendants, Group Fox, Inc. (Group Fox), and Wojciech Rusin (Rusin), pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2010)). The trial court found that A Plus lacked standing as a dissolved corporation pursuing claims that accrued postdissolution. On appeal, A Plus argues even though its claims accrued postdissolution, it still has standing to pursue the claims because the rights to the claims existed prior to the dissolution. For the reasons that follow, we affirm the decision of the trial court.

¶ 2                                  BACKGROUND
¶ 3        This case involves the alleged breach of two contracts: (1) a maintenance agreement between A Plus and Group Fox, Inc.; and (2) an employment agreement between A Plus and Wojciech Rusin. A Plus was an Illinois corporation engaged in the business of providing professional cleaning services. Group Fox is an Illinois corporation engaged in real estate property management. Rusin is a former employee of A Plus who was subsequently hired by Group Fox in 2009.

¶ 4        Effective December 1, 2004, A Plus entered into a maintenance agreement with Group Fox to perform cleaning services for a building located in Oak Brook, Illinois. Pursuant to a provision in the contract, the maintenance agreement "automatically extended and renewed" every two years on December 1. Either party, however, could prevent automatic renewal of the maintenance agreement by providing written notice to the other party 30 days

prior to the December 1 renewal date. The maintenance agreement also provided that Group Fox "may at no time during or for one year after termination of this Agreement hire, retain or employ *** any individual that is or has been employed by [A Plus]."

¶ 5 On July 5, 2005, A Plus entered into a written employment agreement with Rusin. In the employment agreement, Rusin agreed not to apply to or be hired by a "company (which is contracted with A Plus Janitorial for cleaning service) to perform the job instead of A Plus." Pursuant to this employment agreement, Rusin performed cleaning services as an employee of A Plus at the Oak Brook property managed by Group Fox.

¶ 6 Effective March 8, 2008, A Plus voluntarily dissolved as a corporation after filing articles of dissolution with the Illinois Secretary of State. Nine months after A Plus's dissolution, the maintenance agreement's December 1, 2008 renewal date passed without either party providing 30 days' written notice of termination. Subsequently, in or about June 2009, Group Fox terminated the maintenance agreement with A Plus and then employed Rusin to perform cleaning and janitorial services.

¶ 7                                I. Verified Complaint

¶ 8 On April 4, 2011, A Plus filed its "Verified Complaint at Law" in the circuit court of Cook County, naming Group Fox and Rusin as defendants. The complaint set forth three counts. Count I alleged Group Fox breached its contract with A Plus when it terminated the maintenance agreement and employed Rusin in June 2009. Count II alleged Rusin breached his employment agreement with A Plus by undertaking employment with Group Fox. Count III alleged Group Fox tortiously interfered with the employment agreement between A Plus and Rusin.

¶ 9                     II. Group Fox's and Rusin's Motions to Dismiss
                            and Joint Motion for Reconsideration

¶ 10 On June 24, 2011, Rusin filed a combined motion to dismiss count II of the complaint pursuant to sections 2-615 and 2-619 of the Code of Civil Procedure (735 ILCS 5/2-615, 2-619(a)(2), (9) (West 2010)).[1] Three days later, Group Fox similarly filed a motion to dismiss counts I and III of the complaint pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619(a)(2), (9) (West 2010)). Both motions challenged A Plus's standing and capacity to sue as an affirmative matter, arguing that as a dissolved entity, A Plus could not bring claims where the alleged breaches occurred postdissolution.

¶ 11 The trial court initially denied these motions in an order dated September 12, 2011. In the September 12 order, the trial court relied on an affidavit from the president of A Plus attesting that A Plus had merged with A+ Janitorial & Supply, Inc. (A+), prior to the

_____

[1]We note that Rusin failed to label each motion as required by section 2-619.1 of the Code of Civil Procedure. See 735 ILCS 5/2-619.1 (West 2010). Nonetheless, a motion that is incorrectly designated will still be deemed proper if the non-movant has not been prejudiced. *Kovilic v. City of Chicago*, 351 Ill. App. 3d 139, 143 (2004). We do not find any prejudice has resulted from this error.

-3-

dissolution of A Plus in March 2008. The trial court reasoned that under section 11.50 of the Business Corporation Act of 1983 (805 ILCS 5/11.50 (West 2010)), "the surviving corporation from a merger has all the rights and power" previously belonging to the nonsurviving corporations. Accordingly, the trial court found that the actions could still be brought against Group Fox and Rusin because A Plus's apparent merger with A+ prior to the March 2008 dissolution raised a genuine issue of material fact sufficient to preclude dismissal.

¶ 12     Subsequently, Group Fox and Rusin filed "Defendants' Joint Motion for Reconsideration" and reasserted their arguments for dismissal under section 2-619. In their joint motion, Group Fox and Rusin attached as exhibits the records of the Illinois Secretary of State to demonstrate no merger ever took place between A Plus and A+. Relying on this new information, the trial court granted the joint motion and dismissed A Plus's complaint with prejudice pursuant to section 2-619. In its order granting dismissal, the trial court found that "A Plus did not legally merge with A+" and therefore remained "a dissolved corporation prior to any alleged breaches for which it seeks relief." According to the trial court, as a dissolved corporation, "[A Plus] could not be party to the automatic renewal" of the maintenance agreement in December 2008. Thus, the trial court found that A Plus lacked standing to maintain the claims pled against Group Fox and Rusin in its complaint.[2]

¶ 13                                        ANALYSIS

¶ 14     A section 2-619 motion to dismiss admits the legal sufficiency of the complaint, but asserts affirmative matter to otherwise defeat the claim. *Patrick Engineering, Inc. v. City of Naperville*, 2012 IL 113148, ¶ 31. In considering a section 2-619 motion to dismiss, a court reviews all pleadings and supporting documents in a light most favorable to the nonmoving party. *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 367-68 (2003). The court must then consider whether the existence of a genuine issue of material fact precludes dismissal or, absent such an issue of fact, whether the asserted affirmative matter makes dismissal proper as a matter of law. *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116-17 (1993). A court's disposition of a section 2-619 motion is reviewed *de novo*. *Van Meter*, 207 Ill. 2d at 368. *De novo* consideration means we review independent of the trial court's judgment. *Arthur v. Catour*, 216 Ill. 2d 72, 78 (2005).

¶ 15     The trial court decided this case as an issue of standing and the parties have similarly argued this case on appeal. This case, however, does not present an issue of standing. See *Pielet v. Pielet*, 2012 IL 112064, ¶ 47 ("This case presents no issue as to standing ***."). Accordingly, the proper vehicle for dismissal in this case is section 2-619(a)(2)–that is, the lack of "legal capacity to sue or *** be sued." 735 ILCS 5/2-619(a)(2) (West 2010). The "legal capacity to sue or be sued" generally refers to the status of the party, *e.g.*, incompetent, infant (*Patterson Heating & Air Conditioning Corp. v. Durable Construction Co.*, 3 Ill. App. 3d 444, 446 (1972)), or unincorporated association (*American Federation of Technical*

_____

[2]In its written order, the trial court did not specify under which subsection of 2-619 it was granting dismissal.

*Engineers, Local 144 v. La Jeunesse*, 63 Ill. 2d 263, 266 (1976)). In contrast, "[t]he doctrine of standing requires that a party, either in an individual or representative capacity, have a real interest in the action brought and in its outcome." *In re Estate of Wellman*, 174 Ill. 2d 335, 344 (1996). Lack of standing represents " 'affirmative matter' that is properly raised under section 2-619(a)(9)." *Glisson v. City of Marion*, 188 Ill. 2d 211, 220 (1999). Nonetheless, "[w]here the dismissal was proper as a matter of law, we may affirm the circuit court's decision on any basis appearing in the record." *Rodriguez v. Illinois Prisoner Review Board*, 376 Ill. App. 3d 429, 433 (2007). Accordingly, we may affirm under section 2-619(a)(2).

¶ 16    On appeal, A Plus has abandoned the assertion that it merged with A+ prior to its dissolution. Instead, A Plus argues its corporate dissolution does not bar the filing of its claims against Group Fox and Rusin. A Plus relies exclusively on *Pielet v. Pielet*, 407 Ill. App. 3d 474 (2d Dist. 2010) (*Pielet I*), *aff'd in part & rev'd in part*, 2012 IL 112064, for the proposition that causes of action based on rights existing prior to dissolution may accrue after corporate dissolution. Therefore, according to A Plus, because the obligations under the maintenance agreement and employment agreement existed predissolution, it still may bring its lawsuit despite the fact that the causes of action accrued postdissolution.

¶ 17    In *Pielet I*, plaintiff sued defendant for breach of a 1986 consulting agreement after payments made to plaintiff under the agreement prematurely ceased in 1998. *Pielet I*, 407 Ill. App. 3d at 475. Defendant, however, had dissolved as a corporation in 1994, four years prior to the alleged breach in 1998. *Id.* at 476. At issue, therefore, was whether plaintiff could still sue defendant when the claims accrued after defendant's 1994 dissolution, but the obligations had existed since 1986. *Id.* at 491-92.

¶ 18    To decide this question, the Second District of this court interpreted section 12.80 of the Business Corporation Act of 1983 (805 ILCS 5/12.80 (West 2010)). *Pielet I*, 407 Ill. App. 3d at 492-97. Section 12.80 reads:

"The dissolution of a corporation *** shall not take away nor impair any civil remedy available to or against such corporation, its directors, or shareholders, for any right or claim existing, or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within five years after the date of such dissolution." 805 ILCS 5/12.80 (West 2010).

According to the court, the language of section 12.80 preserving "any right 'or' claim 'or' any liability incurred prior to dissolution compels the inference that the legislature intended those terms to be viewed in the alternative." *Pielet I*, 407 Ill. App. 3d at 492. Thus, the court concluded the legislature intended "to preserve corporate obligations of three distinct types: 'claims,' 'rights,' and 'liabilities.' " *Id.* at 493. Moreover, section 12.80 preserved all three distinct corporate obligations regardless of whether the cause of action was initiated by or against a dissolved corporation. See *id.* at 495-96 (noting that dissolved corporation's existing debts and obligations extend into the five-year survival period and "a corporation *or* its creditors may assert claims regarding those debts and obligations during the survival period" (emphasis added)).

¶ 19    The Second District recognized that other Illinois Appellate Court decisions interpreted section 12.80 to allow "a party to assert a cause of action against a dissolved corporation only

if the cause of action accrued before the dissolution." *Id.* at 493 (citing *Beals v. Superior Welding Co.*, 273 Ill. App. 3d 655 (1995), and *Blankenship v. Demmler Manufacturing Co.*, 89 Ill. App. 3d 569 (1980)). Nonetheless, the court distinguished these cases on the basis that "this case involves [the] assertion of a 'right' or 'liability' existing prior to dissolution, not a 'cause of action' existing prior to *** dissolution." *Id.* Accordingly, the court concluded that so long as the "right" or "liability" underlying the claim existed prior to dissolution, the claim could still be brought even if the claim itself accrued postdissolution. *Id.* at 497.

¶ 20   Subsequent to the parties' briefing in this matter, however, the Illinois Supreme Court reversed the decision in *Pielet I* on this issue. *Pielet v. Pielet*, 2012 IL 112064, ¶ 59 (*Pielet II*). First, the court in *Pielet II* found that the interpretation of section 12.80 in *Pielet I* was at odds with those of other Illinois Appellate Court districts and the Northern District of Illinois. *Id.* ¶ 32. The court then thoroughly discussed the federal decision, *In re Johns-Manville/Asbestosis Cases*, 516 F. Supp. 375 (N.D. Ill. 1981),[3] and adopted its reasoning. *Pielet II*, 2012 IL 112064, ¶¶ 34-39. The court noted that the language "right or claim existing" had been added to an older version of the law, which previously only preserved claims against a dissolved corporation. *Id.* ¶ 36. Therefore, according to the court, this language had the effect of additionally preserving actions by a dissolved corporation. *Id.* ¶ 37 (citing *In re Johns-Manville/Asbestosis Cases*, 516 F. Supp. at 377). This language did not, however, distinguish the existing need for any cause of action to actually accrue prior to dissolution. *Id.*

¶ 21   To be certain, the facts of *Pielet* and the facts of this case are not entirely analogous. *Pielet* involved claims against a dissolved corporation. This case involves claims by a dissolved corporation. Regardless, this distinction does not affect the outcome here. As the decision in *Pielet II* and the previously existing line of precedent indicate, any rights, claims, or liabilities preserved by section 12.80 still must be raised in a cause of action that actually accrued predissolution. Indeed, prior to the decision in *Pielet I*, this had always been the law in Illinois. See *Henderson-Smith & Associates, Inc. v. Nahamani Family Service Center, Inc.*, 323 Ill. App. 3d 15, 22 (2001) ("[plaintiff] could not avail itself of the corporate survival statute because its cause of action did not accrue until *after* it was dissolved" (emphasis in original)); *Blankenship v. Demmler Manufacturing Co.*, 89 Ill. App. 3d 569, 574 (1980) ("the rationale underlying this survival statute supports our decision that there is no basis for allowing a cause of action which accrues after dissolution"); *Amman Food & Liquor, Inc. v. Heritage Insurance Co.*, 65 Ill. App. 3d 140, 147-49 (1978) (plaintiff could commence the suit as a dissolved corporation in order to stop the running of the statute of limitations, but plaintiff could not "maintain" the suit unless reinstated as a corporation); see also *Korte Trucking Co. v. Broadway Ford Truck Sales, Inc.*, 877 S.W.2d 218, 220 (Mo. Ct. App. 1994) ("a dissolved corporation does not have the capacity to sue for claims arising after dissolution") (applying Illinois law). In light of the Illinois Supreme Court's decision in

---

[3]The court in *In re Johns-Manville/Asbestosis Cases* interpreted a prior codification of section 12.80, section 94 of the Business Corporation Act (Ill. Rev. Stat. 1979, ch. 32, ¶ 157.94). Except for a shorter survival period of two years, the text of section 94 is identical to section 12.80. Compare Ill. Rev. Stat. 1979, ch. 32, ¶ 157.94, with 805 ILCS 5/12.80 (West 2010).

*Pielet II* and the existing line of precedent, the trial court properly dismissed this case pursuant to section 2-619.

¶ 22                                    CONCLUSION
¶ 23        For the foregoing reasons we affirm the decision of the circuit court of Cook County.

¶ 24        Affirmed.