JOHN D. WILSON and WIFE, Plaintiffs in Error, *v.* WILLIAM C. KINNEY, Defendant in Error.

### ERROR TO ST. CLAIR.

Where a material averment in a bill is neither admitted nor denied by the answer, it must be supported by proof.

THE facts of this case are sufficiently stated in the opinion of the Chief-Justice. The decree complained of was entered by CATON, Justice, at May term, 1846, of the St. Clair Circuit Court.

G. KOERNER, for plaintiffs in error.

G. TRUMBULL, for defendant in error.

TREAT, C. J. The object of this suit was to obtain from the heir at law of Hempstead, the legal title to a tract of land.

Wilson *v.* Kinney.

The bill alleged that William Kinney was the equitable owner of the land, and that he devised the same to the complainant. The answer of the heir to this allegation was as follows : " True it may be, as stated in the complainant's bill, that the complainant is the legatee of William Kinney, deceased, and as such is entitled to the estate of said William Kinney, as stated in said bill." The complainant made a certified copy of the will of William Kinney a part of the bill, and referred to it as filed therewith ; but it does not in fact appear ever to have been filed. The cause was submitted on bill, answers, replications, and exhibits ; and the decree recited that it appeared to the court that the complainant was the sole devisee of William Kinney.

The answer did not admit that the complainant was the devisee of William Kinney. It neither admitted nor denied that allegation of the bill. It amounted only to the statement, that the complainant might or might not be such devisee. The effect was precisely the same as if the answer had omitted all reference to the allegation. Where a material averment in a bill is neither admitted nor denied by the answer, it must be supported by proof. De Wolf *v.* Long, 2 Gilman, 679. It was, therefore, incumbent on the complainant to sustain the allegation by evidence. It constituted the basis of his right to relief. It does not appear that he attempted to prove the truth of the allegation. If he had produced a certified copy of the will at the hearing, it would necessarily have been filed, and thereby made a part of the record of the case. Holdridge *v.* Bailey, 4 Scammon, 124. For this defect in the proof, the decree was unauthorized, and must be reversed. The decree was entered prior to the passage of the act of the 12th of February, 1849 ; and the case is consequently not affected by its provisions, even if they are to be so construed as to change the rule in this respect.

The decree is reversed, and the cause remanded.