HENRY LLEWELLIN

v.

CAROLINE M. DINGEE, Admx. *et al.*

*Filed at Ottawa January 19, 1897.*

1. BURNT RECORDS—*proof of contents of records must be made.* A petition to restore the files and records of a chancery proceeding which were destroyed by fire is properly dismissed where no proof is made of the contents of such files and records.

2. EVIDENCE—*unverified copies of papers do not prove contents.* Alleged copies of destroyed files prepared by petitioner's solicitor, and attached to a former petition for their restoration, which have never been admitted by the defendants nor decided by the court to be correct copies, are no evidence of the contents of files.

3. SAME—*attorney's memoranda not competent to prove contents of destroyed bill.* Mere entries in a "docket" kept by the attorneys in a cause, showing the parties and containing memoranda of the nature of a destroyed bill, are not competent, in the absence of any preliminary proof, to show the contents of such bill.

4. SAME—*a sworn petition not admitted does not prove itself.* An averment in a petition that certain exhibits attached are substantial copies of destroyed files, which averment is neither admitted nor denied by the answer, which calls for proof thereof, must, under our chancery practice, be proved, notwithstanding the petition was verified by oath.

*Llewellin* v. *Dingee,* 64 Ill. App. 563, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

BULKLEY, GRAY & MORE, and ALFRED MOORE, for appellant:

Every court of general jurisdiction has inherent power to supply its own lost or defaced records. *Goetz* v.*Koehler,* 20 Ill. App. 234; *Douglas* v. *Yallop,* 2 Burr. 722; *Jackson* v. *Hammond,* 1 Caines' Cases, 496; *Deshong* v. *Cain,* 1 Duv. 309; *McLendon* v. *Jones,* 8 Ala. 298; *Doswell* v. *Stewart,* 11 id. 629; *Adkinson* v. *Keel,* 25 id. 551; *Pruitt* v. *Pruitt,* 43 id. 73; *Pierce*

v. *Thackery,* 13 Fla. 574; *Fisher* v. *Sievres,* 65 Ill. 99; Freeman on Judgments, sec. 89.

The papers of a case, when filed, under our statute become a part of the record as fully as if copied into the record book of the court. *Stevison* v. *Earnest,* 80 Ill. 513, and cases cited.

The destruction of the record by fire has no effect upon the constructive notice existing by virtue of such record. *Bank* v. *Taylor,* 131 Ill. 376; *Shannon* v. *Hall,* 72 id. 354; *Curyea* v. *Berry,* 84 id. 600.

It is a general rule in pleading that a party confesses all such traversable allegations on the opposite side as he does not traverse. *Dana* v. *Bryant,* 1 Gilm. 104; *Pearl* v. *Wellman,* 3 id. 311; *Simmons* v. *Jenkins,* 76 Ill. 479.

A record, when lost or destroyed, may be proven by secondary evidence. *Gage* v. *Schroeder,* 73 Ill. 44.

When the highest evidence cannot be had then resort may be had to the next highest or secondary evidence. *Ellis* v. *Huff,* 29 Ill. 449; *Cornett* v. *Williams,* 20 Wall. 226; *Hedrick* v. *Hughes,* 15 id. 123; *Renner* v. *Bank,* 9 Wheat. 581; *Beveridge* v. *Chetlain,* 1 Ill. App. 231.

JESSE A. & HENRY R. BALDWIN, and KNIGHT & BROWN, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

A decree for partition of certain lands in Cook county was entered by the circuit court of that county in 1861, and appellant filed his bill April 22, 1871, for the purpose of setting aside that decree, but the files and records of the latter suit were destroyed by fire October 9, 1871. He filed his petition in this case April 21, 1888, asking the court to restore said lost and destroyed files and records. He alleged that his bill filed in 1871 was answered and he filed his replication to such answer; that after the destruction of the files the suit was dismissed by the

circuit court April 8, 1873, by a general order; that on June 14, 1880, he filed a petition, similar to the present one, to restore the destroyed files, and that such petition was pending in said court until July 12, 1887, when it was dismissed for want of prosecution. He annexed to his petition what he alleged to be substantial copies of the files which he asked to have restored, and the petition was verified by his oath. The appellees answered the petition, admitting that the suit begun in 1871, in which the files were destroyed, was dismissed in 1873, and averred that petitioner had no right to have the files restored, because he had no further interest in the cause; that the former petition for restoration, begun June 14, 1880, was dismissed when reached for trial July 12, 1887, on the regular trial call; that afterward petitioner filed a motion to set aside the order of dismissal, which was heard and denied, and that the decree of dismissal so entered was a bar to the present suit. On a hearing of the petition it was dismissed for want of equity, and the decree dismissing it has been affirmed by the Appellate Court.

The parties have argued questions as to the power of the court to dismiss the bill filed in 1871 by the general order of April 8, 1873, applicable to all causes pending before the fire and not redocketed; as to *laches* and limitations, and as to the effect of the dismissal of the former petition for want of prosecution as a bar to a renewal of the application; but none of those questions will be considered, for the reason that petitioner failed to make any proof of the contents of the files and records which he asked to have restored. The solicitors, Eldridge & Tourtelotte, who acted for complainant in the suit where the files were destroyed, Spafford & McDaid, solicitors for the defendants in that suit, and every person employed by either of the said firms, and the principal defendants, were all dead. There seemed to be no one living who knew what was contained in the original files.

It was attempted to prove that the copies attached to the petition were true copies of the destroyed files by introducing alleged copies made by petitioner's solicitors in 1880. It appears that in the former proceeding, begun in 1880, to restore the files, an order was entered allowing petitioner to file copies of the bill, answer and replication, and he filed what he claimed were such copies. They were prepared by his solicitor, and were never admitted by the defendants nor decided by the court to be copies. Petitioner attempted to prove some admission of the late H. O. McDaid, solicitor for defendants at that time, that the alleged copies were true and correct. The testimony was, that McDaid agreed to "O. K." correct copies; that these alleged copies were given to him; that petitioner's solicitor kept calling on him for that purpose, but that he never succeeded in getting McDaid to "O. K." them. The testimony did not show any admission that the copies were correct, but rather proved that such an admission could not be obtained. Of course, the fact that petitioner or his solicitor asserted in 1880 that certain papers were copies of the original pleadings had no tendency to establish the truth of the same claim or assertion when renewed in 1888.

Petitioner also offered in evidence the entries in a book called a "docket," kept by his solicitors, Eldridge & Tourtelotte, giving the names of the parties and their solicitors and memoranda of the nature of the bill in which the files were destroyed. This evidence was rejected by the court, and that ruling is complained of. If the evidence had been competent it would not have justified a decree, since there would still have been an entire absence of proof touching any of the pleadings except the bill. But the entries were properly rejected. There was no preliminary proof that the entries were contemporaneous with the services or employment of the solicitors as a part of the transaction, or even that the firm usually made such entries in connection with the transaction re-

corded. The solicitor in whose handwriting the entries were made was living up to within a few months of the hearing of this case, and they might have been made, for aught that appears, long after the transaction, and if such evidence could be admitted in any case it was properly rejected here.

The petitioner averred that the exhibits were substantial copies, and the petition was verified by his oath. The defendants answered that they did not know whether the exhibits were copies or not, and would neither admit nor deny the averment, but called for proof. In that state of the case it is insisted that the verified petition was sufficient proof. But that is not the rule. By the chancery practice, by which this proceeding was governed, an averment which is neither admitted nor denied must be proved. (*DeWolf* v. *Long*, 2 Gilm. 679; *Wilson* v. *Kinney*, 14 Ill. 27; *Trenchard* v. *Warner*, 18 id. 142; *Kitchell* v. *Burgwin*, 21 id. 40; *Dooley* v. *Stipp*, 26 id. 86; *Nelson* v. *Pinegar*, 30 id. 473.) It was incumbent upon petitioner to prove that his exhibits were substantial copies of the destroyed record, and this he failed to do.

The court admitted, against the objection of appellant, the testimony of a real estate dealer that the property was included in the village of Wilmette; that between 1873, when the bill was dismissed, and 1888, a great deal of the property was sold, and that at least one hundred and twenty-five houses had been built upon the land, almost wholly by different owners. This evidence was offered on the question of *laches,* to show that during the long delay of petitioner the rights of numerous innocent third parties, who would be injured by permitting him to maintain his petition, had intervened. As the petition was not proved, the questions whether *laches* was a defense and whether the evidence was relevant are of no consequence.

The judgment will be affirmed.   *Judgment affirmed.*