PATTERSON HEATING AND AIR CONDITIONING CORPORATION *et al.*, Plaintiffs-Appellants, *v.* DURABLE CONSTRUCTION COMPANY *et al.*, Defendants-Appellees.

(No. 71-83;

Second District—February 3, 1972.

Dale, Haffner, Grow & Overgaard, of Chicago, for appellants.

Donovan, Dichtl, Atten, Mountcastle & Roberts, of Wheaton, for appellees.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Patterson Heating and Air Conditioning Corporation sued to collect for services and material furnished to the defendant Durable Construction Company. In Count I of the complaint it sought judgment against the corporate defendant alone.[1] Count II purported to state a cause of action against the directors of the corporation; and Count III was a chancery action to impose a trust in funds received by the defendant Jay W. Stream as a shareholder for sale of his stock to the corporation.

The trial court dismissed Counts II and III of the complaint without designating the specific grounds for its decision. Plaintiff appeals, raising issues only with respect to the defendant Stream.

Count II in substance alleges that defendant Stream, as a director of the Durable Construction Company, voted that the company purchase his 10% of its stock for the sum of $280,345.24 at a time when the company was indebted to the plaintiff in the amount of $60,173.14. This purchase, it is alleged, reduced the company's net assets "below the sum of its stated capital, its paid-in-surplus, any surplus arising from unrealized appreciation in value or revaluation of its assets and any surplus arising from surrender to the corporation of any of its shares," and rendered the corporation insolvent, both contrary to Ill. Rev. Stat. 1961, ch. 32, par. 157.6. Plaintiff prays for a judgment of $40,073.14, the amount still owing by the corporation.

---

[1] The corporation defaulted and judgment was entered against the corporation in the sum of $57,688.56 plus costs. The judgment has not been appealed.

Count III contains the same allegations, and prays that defendant Stream hold the proceeds of the sale in trust for the benefit of the plaintiff and other creditors of the corporation.

■■■ Only three points made in Stream's motion to dismiss remain in issue. The first is that the affidavit filed in support of the motion, setting forth that the defendant was not a director or officer of the corporation at the time of the acts complained of, shows that Stream did not have the legal capacity to be sued under Section 48(1) (b) of the Civil Practice Act, Ill. Rev. Stat. 1955, ch. 110, sec. 48(1) (b). We do not agree. In referring to "legal capacity to be sued," Section 48(1) (b) is aimed at defenses such as incompetency, infancy, and the like. Defendant's affidavit merely sets up facts contrary to the allegations of the complaint, and cannot be considered in support of defendant's motion. The defendant's next contention is that the complaint fails to allege that the corporation was indebted to the plaintiff on January 25, 1962, the date of the purchase in question. However, the complaint contains an allegation that at various times during 1961 the plaintiff performed services and furnished materials for which the corporation became indebted in the amount of $60,173.14. Although somewhat general, this allegation is sufficient to withstand a motion to dismiss. The third contention is that the complaint does not allege that the corporation remained insolvent through to the date of the motion. The answer to this is provided by Ill. Rev. Stat. 1961, ch. 32, par. 157.6, which, in effect, prohibits the purchase of its own stock by a corporation under four conditions:

1. When the capital of the corporation is impaired,
2. When the purchase causes an impairment of capital,
3. When the corporation is insolvent,
4. When the purchase renders the corporation insolvent.

The allegation of any of these conditions is sufficient. Plaintiff's complaint alleges that the purchase both impaired capital and rendered the corporation insolvent. Therefore, the complaint cannot be dismissed on this basis.

■■ The motion to dismiss is extremely specific and in it Stream does not assert either generally or specifically that the complaint fails to state a cause of action. Plaintiff has, nevertheless, devoted much of its argument to that issue,[2] noting that it may be asserted below in the event of

---

[2] Principally, defendant argues that Section 6 of the Business Corporation Act (Ill. Rev. Stat. 1969, ch. 32, par. 157.6) makes no provision for a director's liability to repay creditors of the corporation for an illegal purchase of stock; and if such liability exists, it is only to all creditors, and not to any individual creditor. Defendant also claims that the complaint is insufficient because of plantiff's falure to allege loss from the alleged improper purchase. (Both parties cite *Precision Extrusions, Inc., v. Stewart*, 36 Ill.App.2d 30 (1962) ). These questions and others raised by the defendant for the first time on appeal are not before us and must be first submitted to the trial court.

a remand. While defendant has joined in the argument on the same point, the issue is not properly before us because of the failure to raise it before the trial court in the motion to dismiss.

The judgment of the court below granting the defendant's motion to dismiss is reversed. The cause is remanded with directions to reinstate Counts II and III of plaintiff's complaint and to thereafter proceed in a manner consistent with this opinion.

Reversed and remanded with directions.

MORAN, P. J., and ABRAHAMSON, J., concur.