# Illinois Official Reports

## Appellate Court

---

### *Aurora Bank FSB v. Perry*, 2015 IL App (3d) 130673

---

| | |
|---|---|
| Appellate Court Caption | AURORA BANK FSB, Plaintiff-Appellee, v. JOHN B. PERRY AND EVELYN PERRY, Defendants-Appellants (Discovery Bank; Midland Credit Management, Inc.; The Country Walk Property Owners Association, a/k/a The Gray Hawk Property Owners' Association, Defendants). |
| District & No. | Third District<br>Docket No. 3-13-0673 |
| Rule 23 Order filed<br>Motion to publish<br>allowed<br>Opinion filed | February 13, 2015<br><br>April 8, 2015<br>April 8, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 11-CH-5079; the Hon. Richard J. Siegel, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Lloyd Brooks (argued) and Deadra Woods Stokes, both of Consumer Legal Group, P.C., of Matteson, for appellants<br><br>Ralph T. Wutscher, Jeffrey T. Karek (argued), and F. John McGinnis, all of McGinnis Wutscher Beiramee LLP, of Chicago, for appellee. |

PRESIDING JUSTICE McDADE delivered the judgment of the court, with opinion.
Justices Holdridge and Wright concurred in the judgment and opinion.


**OPINION**

¶ 1      Defendant-appellants, Evelyn and John Perry (the Perrys), appeal from a trial court order granting summary judgment to plaintiff-appellee, Aurora Bank. In this appeal the Perrys contend that the trial court erroneously decided the issue of capacity as an issue of standing. The Perrys also appeal the trial court's subsequent confirmation of the sale of the subject property and substitution to plaintiff. We affirm the trial court's rulings.

¶ 2                             FACTS

¶ 3      Aurora Bank filed a mortgage foreclosure complaint on October 26, 2011, against Evelyn and John Perry claiming default of mortgage payment for the real estate at 2182 White Thorn Drive in Aurora, Illinois. Aurora's complaint alleged its capacity for bringing the suit was mortgagee by way of assignment. It also said it was "designated and authorized to act on behalf of the owner of the note to enforce the note and mortgage at issue." Aurora attached a copy of the mortgage, a corporate assignment agreement, and the note, blank but endorsed, to the complaint.

¶ 4      Mortgage Electronic Registration Systems, Inc. (MERS), the original mortgagee according to the mortgage, held:

> "only legal title to the interest granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of lender."

¶ 5      The corporate assignment of mortgage agreement stated that the mortgage was assigned to Aurora on July 27, 2011, and further stated in pertinent part:

> "Assignor: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR FIRST NATIONAL BANK OF ARIZONA, ITS SUCCESSORS AND/OR ASSIGNS *** Assignee: AURORA BANK FSB ***."

¶ 6      The note for the mortgage was made by First National Bank of Arizona, which endorsed to First National Bank of Nevada. First National Bank of Nevada endorsed the note to Residential Funding, which endorsed a blank note.

¶ 7      The Perrys' answer to this complaint denied many of Aurora's allegations, including the assertion that Aurora had capacity. They further asserted fraud as an affirmative defense. Aurora filed its reply in opposition to the Perrys' affirmative defense, a motion for judgment of foreclosure and order of sale, and a motion for summary judgment that sought judgment of

foreclosure and order of sale. The Perrys filed their response to the motion for summary judgment asserting Aurora did not have standing.

¶ 8    Due to communication issues, their original counsel withdrew. They retained new counsel who moved for leave to supplement their reply brief in opposition to Aurora's motion for summary judgment. After a hearing on the matter, the Perrys' motion was denied. The trial court held that the Perrys had waived their right to argue whether Aurora lacked capacity because it was an affirmative defense that should have been asserted in their answer. The court also stated that there was no "adequate reason in law or equity to allow the supplemental filing of another response once *** counsel for the defendant had an opportunity to file a response, and now where they seek to raise an issue I think it serves to work an unfair prejudice on the plaintiff."

¶ 9    After a hearing on December 5, 2012, the trial court granted Aurora's motion for summary judgment and entered judgment of foreclosure against the defendants. A foreclosure sale was held.

¶ 10    On July 10, 2013, Aurora moved for approval of the property sale. On that same day, Aurora filed a motion requesting that Nationstar Mortgage, LLC, be substituted as plaintiff. The motion did not include the date when the property was transferred to Nationstar or whether the underlying note was also assigned, but had an attached document entitled "Corporation Assignment for Real Estate Mortgage" dating the mortgage transfer to Nationstar as November 1, 2012.

¶ 11    Despite an objection to the sale confirmation from the Perrys, who stated that they had not received notice of the sale, the trial court entered an order approving the sale of the property and permitted the substitution of plaintiff.

¶ 12    The defendants timely appealed.

¶ 13                                ANALYSIS

¶ 14    A trial court's ruling on a motion for summary judgment is reviewed *de novo*. *Harrison v. Addington*, 2011 IL App (3d) 100810, ¶ 37. Such a judgment is proper where the pleadings, depositions, admissions, and affidavits, viewed in the light most favorable to the nonmoving party, reveal no genuine issue of material fact and the movant is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2010). "[It] should only be granted when the moving party's right is clear and free from doubt." *Rosestone Investments, LLC v. Garner*, 2013 IL App (1st) 123422, ¶ 23.

¶ 15    The Perrys first argue that despite their failure to raise the affirmative defense of lack of standing in their answer to Aurora's foreclosure complaint it is Aurora's burden to prove it had the capacity to foreclose the mortgage as required by the Illinois Mortgage Foreclosure Law (Foreclosure Law) (735 ILCS 5/15-1501 *et seq.* (West 2010)) because the Perrys' answer denied this allegation. Aurora contends the Foreclosure Law does not place a requirement of alleging and then proving capacity upon them and that the Perrys' failure to assert the affirmative defense of lack of standing in their answer or even in a possible cross-motion for summary judgment has foreclosed their right to raise such a defense.

¶ 16    The trial court decided this case as an issue of standing and the parties have similarly argued standing in this appeal. This case, however, does not present an issue of standing as we find the trial court was correct to determine that the Perrys waived their right to assert that

affirmative defense. Accordingly, the argument, as originally raised by the Perrys' denial of the allegation in their answer, is whether Aurora proved its alleged "legal capacity to sue." 735 ILCS 5/2-619(a)(2) (West 2010).

¶ 17    "The doctrine of standing requires that a party, either in an individual or representative capacity, have a real interest in the action brought and in its outcome." *In re Estate of Wellman*, 174 Ill. 2d 335, 344 (1996). In contrast, the "legal capacity to sue or be sued" generally refers to the status of the party, *e.g.*, incompetent, infant (*Patterson Heating & Air Conditioning Corp. v. Durable Construction Co.*, 3 Ill. App. 3d 444, 446 (1972)), or unincorporated association (*American Federation of Technical Engineers, Local 144 v. La Jeunesse*, 63 Ill. 2d 263, 266 (1976)). Thus standing is not the same as legal capacity to sue or be sued.

¶ 18    Lack of standing is an affirmative defense that can be forfeited if not timely raised in the trial court. *Glisson v. City of Marion*, 188 Ill. 2d 211, 220 (1999). Additionally, had Aurora alleged standing and not capacity, it is well settled that the denial of an allegation in a plaintiff's complaint does not rise to the level of an affirmative defense. *Smith v. Waukegan Park District*, 231 Ill. 2d 111, 120-21 (2008). Therefore, even though the Perrys denied Aurora's allegation of capacity in their answer, they did not adequately raise the affirmative defense of standing.

¶ 19    We agree with the Perrys' argument that failing to plead an affirmative defense in an answer does not automatically waive the defense. However, the trial court did not abuse its discretion in not allowing the Perrys to supplement their response to the motion for summary judgment with the argument of lack of standing. *Bank of America, N.A. v. Land*, 2013 IL App (5th) 120283, ¶ 21 ("[t]he right to amend pleadings is not absolute or unlimited, and the circuit court's decision to grant or deny that right will not be disturbed absent an abuse of discretion"). The Perrys' prior counsel had an opportunity to and did file a response to Aurora's motion for summary judgment. Allowing them to supplement their original response would work an unfair prejudice against Aurora. The asserted reasons for the need to supplement were: the substitution of new counsel, further development of their lack-of-standing argument, and an analysis of the admissibility of the evidence Aurora had submitted in support of its motion. The trial court found that the Perrys failed to identify an adequate reason at law or equity to allow the supplementation.

¶ 20    The case law the Perrys cite in support of the ability to raise an affirmative defense in a motion for summary judgment actually works against them. The rulings in those cases stand for the proposition that matters such as affirmative defenses can still be raised by the party moving for summary judgment in the case. See *Falcon Funding, LLC v. City of Elgin*, 399 Ill. App. 3d 142, 156 (2010) ("[a] party may assert *** affirmative defenses in a summary judgment motion"); *SwedishAmerican Hospital Ass'n v. Illinois State Medical Inter-Insurance Exchange*, 395 Ill. App. 3d 80, 97 n.4 (2009) ("We reject plaintiffs' argument, as ISMIE raised the no-action provision in its motion for summary judgment ***."); *Medrano v. Production Engineering Co.*, 332 Ill. App. 3d 562, 570 (2002) ("[A] party may well assert a limitations period defense in its summary judgment motion ***."); *Horwitz v. Bankers Life & Casualty Co.*, 319 Ill. App. 3d 390, 399 (2001) (finding "it was within the discretion of the trial court *** to allow the affirmative defense in defendant's motion for summary judgment"); *Rognant v. Palacios*, 224 Ill. App. 3d 418, 422 (1991) (finding no waiver where the affirmative defense "was pled properly in defendant's motion for summary judgment"); *Salazar v. State Farm Mutual Automobile Insurance Co.*, 191 Ill. App. 3d 871, 876 (1989) (holding affirmative

defenses may be raised in a motion for summary judgment). Because they did not assert the defense in their answer to the complaint and did not file a cross-motion for summary judgment raising the defense, the affirmative defense of lack of standing was waived by the Perrys.

¶ 21    Yet, the Perrys' denial of Aurora's capacity to bring the suit was erroneously deemed synonymous with their waived affirmative defense of lack of standing. An allegation of capacity as the mortgagee in a foreclosure proceeding (735 ILCS 5/15-1208, 15-1504(a)(3)(N) (West 2010)) is a material fact (735 ILCS 5/15-1506(b) (West 2010)) and must be proved whether admitted or denied by the defendant (*Wilson v. Kinney*, 14 Ill. 27, 28 (1852)). Having alleged capacity in its complaint, it is incumbent upon Aurora to prove capacity notwithstanding the Perrys' waiver of their right to argue standing or even their denial of Aurora's capacity to bring suit. This court should generally remand a case for retrial where the trial court decided the case on a misapprehension of the law. *Tankersley v. Peabody Coal Co.*, 31 Ill. 2d 496, 504 (1964). However, if summary judgment is appropriate for the movant, then it is "entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2010); see also *Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill. 2d 494, 510 (1967); see also *In re Estate of Jackson*, 334 Ill. App. 3d 835, 842 (2002). Summary judgment requires adequate proof of the matters alleged in the complaint by evidence that can either be shown in open court or through affidavit. *Brockmeyer v. Duncan*, 18 Ill. 2d 502, 505 (1960) (in every civil case, the right to relief must be adequately alleged and proved); *Plaza Bank v. Kappel*, 334 Ill. App. 3d 847, 850 (2002); 735 ILCS 5/15-1506(a)(2) (West 2010). We find that Aurora did prove its claim of capacity and we affirm the trial court's ruling.

¶ 22    The Foreclosure Law states that "[a] foreclosure complaint may be in substantially the following form" and then lists information the complainant can allege in its pleading including the capacity in which the complainant brings the suit. 735 ILCS 5/15-1504(a) (West 2010). Though use of the form itself is not a requirement, a foreclosure complaint will be deemed sufficient if there is complete integration of the list provided in the statute. *Id.*; *Standard Bank & Trust Co. v. Madonia*, 2011 IL App (1st) 103516, ¶ 20.

¶ 23    In complying with the Foreclosure Law format, Aurora alleged that its capacity to bring the suit is that of mortgagee. Section 15-1208 of the Foreclosure Law defines a mortgagee as: "(i) the holder of an indebtedness or obligee of a non-monetary obligation secured by a mortgage or any person designated or authorized to act on behalf of such holder and (ii) any person claiming through a mortgagee as successor." 735 ILCS 5/15-1208 (West 2010). "In all cases the evidence of the indebtedness and the mortgage foreclosed shall be exhibited to the court and appropriately marked, and copies thereof shall be filed with the court." 735 ILCS 5/15-1506(b) (West 2010).

¶ 24    The Perrys take issue with the fact that Aurora is listed as an assignee and not a successor to the mortgage and therefore would not have rights as holder of the indebtedness pursuant to the statute. Aurora pled that it is the mortgagee by way of assignment from MERS, the original mortgagee. It attached a copy of the mortgage agreement and corporate assignment agreement. That mortgage authorized MERS as nominee for the lender and lender's successors and assigns "the right: to exercise any and all of those interests, including, but not limited to, the right to foreclose and sell the Property." However, case law holds that this would give Aurora standing to bring the suit as the assignee of the mortgage but has no bearing on its alleged capacity to do so. See *Rosestone Investments*, 2013 IL App (1st) 123422, ¶ 24 ("[a] mortgage assignee has standing to bring a foreclosure action").

¶ 25 Nevertheless, Aurora proved capacity as the holder of the indebtedness by being the bearer of the note and through its supporting affidavit. See 810 ILCS 5/3-302(a) (West 2010). Aurora as the assignee of the mortgage, pursuant to the Foreclosure Law, attached copies of the mortgage and the assignment to its complaint and motion for summary judgment. It also attached a copy of the note to both filings. The note having been endorsed several times, ended with a final blank endorsement. "[T]he mere attachment of a note to a complaint is *prima facie* evidence that plaintiff owns the note." *Rosestone Investments*, 2013 IL App (1st) 123422, ¶ 26. Moreover, contrary to the Perrys' argument, "[a] note endorsed in blank is payable to the bearer." *Id.*; 810 ILCS 5/3-205(b) (West 2010). Aurora presented a *prima facie* case that it is the bearer of the note.

¶ 26 Aurora also provided an affidavit in which the affiant stated Aurora is the holder of the note. At the motion for summary judgment hearing, the Perrys argued that the affidavit was insufficient because the affiant failed to show whether the computer systems Aurora used to generate business records was an industry standard. Here on appeal the Perrys also contend that the information proffered by the affiant is not personal knowledge, is unsupported by facts, and is conclusory. It is well settled that arguments not asserted in the trial court are deemed waived on appeal. See *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 229 (1986). Although the Perrys waived these latter arguments, we find that the affidavit was sufficient to prove capacity and support the motion for summary judgment.

¶ 27 Supreme Court Rule 191 (Ill. S. Ct. R. 191 (eff. Jan. 4, 2013)) governs the form of affidavits used in connection with motions for summary judgment. *Harris Bank Hinsdale, N.A. v. Caliendo*, 235 Ill. App. 3d 1013, 1025 (1992). The rule provides in relevant part:

"Affidavits in support of *** a motion for summary judgment under section 2-1005 of the Code of Civil Procedure *** shall be made on the personal knowledge of the affiants; shall set forth with particularity the facts upon which the claim, counterclaim, or defense is based; shall have attached thereto sworn or certified copies of all documents upon which the affiant relies; shall not consist of conclusions but of facts admissible in evidence; and shall affirmatively show that the affiant, if sworn as a witness, can testify competently thereto." Ill. S. Ct. R. 191(a) (eff. Jan. 4, 2013).

¶ 28 The court in *US Bank, National Ass'n v. Avdic*, 2014 IL App (1st) 121759, listed factors that were not present in *Landeros v. Equity Property & Development*, 321 Ill. App. 3d 57, 63 (2001), that made the affidavit of the affiant in *US Bank* sufficient under the aforementioned rule. It noted that the affiant averred her continuous employment with US Bank, the responsibilities of her position, what and how the bank maintained loan serving records, her personal review of the documents at issue in the case, and that she personally knew such recordings were made in the regular course of business of the bank. *Avdic*, 2014 IL App (1st) 121759, ¶ 26. She further established the basis of her knowledge by affirming the payment cycle for the mortgage at issue in that case as well as the next step the US Bank took in settling the account due to payment default. *Id.* ¶ 27. This was followed by a discussion of the specific amounts owed by the defendant. *Id.* The court then emphasized how the affiant had sworn that the attached documents, copies of the business records for the mortgage account, were " 'true and correct' " and that the affidavit was notarized. *Id.*

¶ 29 The affidavit in this case is similar in its sufficiency. The affiant declared that she was employed as a "Foreclosure Processor III" at Aurora Bank and had "personal knowledge of the facts contained in the affidavit by virtue of [her] position at Aurora and [her] familiarity with

Aurora's practices and procedures, and based upon [her] review and analysis of the relevant business records and other documents of Aurora referenced and attached." She further averred that Aurora maintained records and a file for each of the loans it serviced that were updated by trained personnel at or near the time of occurrence of any matter, including "customer payments, principal, interest, fees, and other charges." She affirmed that she was "one such individual who is authorized and trained to access the records." The affiant discussed the missed payment due date for the mortgage at issue and the fact that the failing had not been cured. She then provided a mathematical breakdown of the Perrys' owing for the mortgage, which totaled $350,042.90 as of December 16, 2011. Just as in *US Bank*, these statements constituted facts based on the affiant's personal knowledge. Moreover, the affiant swore under oath that the attached documents were "true and correct." She signed the affidavit and it was also notarized just as that of the affiant in *US Bank*.

¶ 30    It can be argued that her initial statement, "[a]s the servicer, Aurora is the entity responsible for among other things *** enforcing the terms of the note and mortgage, for and on behalf of the owner of the loan," is conclusory. However, " '[i]f, from the document as a whole, it appears that the affidavit is based upon the personal knowledge of the affiant and there is a reasonable inference that the affiant could competently testify to its contents at trial, Rule 191 is satisfied.' " *Doria v. Village of Downers Grove*, 397 Ill. App. 3d 752, 756 (2009) (quoting *Kugler v. Southmark Realty Partners III*, 309 Ill. App. 3d 790, 795 (1999)).

¶ 31    Having presented *prima facie* evidence of being the bearer of the note along with the affidavit attesting the same, Aurora showed it was the legal holder of the indebtedness and thus has capacity as mortgagee to bring the suit. *Mortgage Electronic Registration Systems, Inc. v. Barnes*, 406 Ill. App. 3d 1, 7 (2010); 735 ILCS 5/15-1208, 15-1504(a)(3)(N) (West 2010). Accordingly, we conclude that the trial court properly granted summary judgment for Aurora.

¶ 32    The Perrys' final argument regarding Aurora's inability to bring the suit because they did not have capacity the entire time of the suit is without merit. The plain language of section 2-1008(a) of the Code of Civil Procedure provides that a change of interest will not cause the action to abate. It states in pertinent part:

> "If by reason of marriage, bankruptcy, assignment, or any other event occurring after the commencement of a cause or proceeding, either before or after judgment, causing a change or transmission of interest or liability, or by reason of any person interested coming into existence after commencement of the action, it becomes necessary or desirable that any person not already a party be before the court, or that any person already a party be made party in another capacity, *the action does not abate*, but on motion an order may be entered that the proper parties be substituted or added, and that the cause or proceeding be carried on with the remaining parties and new parties, with or without a change in the title of the cause." (Emphasis added.) 735 ILCS 5/2-1008(a) (West 2010).

¶ 33    The statute clearly shows that a change in interest will not cause the action to abate. "Upon motion a party may be added and the action will be carried on from that point." *C.L. Maddox, Inc. v. Royal Insurance Co. of America*, 208 Ill. App. 3d 1042, 1059 (1991). The timing of the motion to substitute parties or the opposing party's awareness thereof also do not abate the action when the original party held the interest at the action's commencement and a motion to substitute parties is filed to negate the opposing party's possible argument of surprise. *Id.* at 1058-59.

¶ 34    As previously determined, Aurora had capacity to bring the foreclosure action at the time it filed its complaint on October 26, 2011. Summary judgment and judgment of foreclosure and order of sale were granted in their favor on December 5, 2012. Aurora's motion for party substitution on July 10, 2013, with supporting documentation of its assignment of interest in the foreclosed property to Nationstar on November 1, 2012, does not void those judgments.

¶ 35    Finally, we need not reach Aurora's public policy argument. We find that its complaint and evidence presented for summary judgment were sufficient.

¶ 36                                   CONCLUSION

¶ 37    For the foregoing reasons, the order of the trial court is affirmed.

¶ 38    Affirmed.