2019 IL App (1st) 190635-U
No. 1-19-0635
December 31, 2019

FIRST DIVISION

**NOTICE**: This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| PNC BANK, NATIONAL ASSOCIATION, | ) | Appeal from the Circuit Court |
| | ) | Of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JODI A. FURNEAUX, | ) | No. 16 CH 5543 |
| | ) | |
| Defendant-Appellant, | ) | |
| | ) | |
| Michael J. Furneaux and PNC Bank, National | ) | The Honorable |
| Association, | ) | Darryl Simko, |
| | ) | Judge Presiding. |
| Defendants. | ) | |

JUSTICE WALKER delivered the judgment of the court.
Presiding Justice Griffin and Justice Hyman concurred in the judgment.

**ORDER**

¶ 1        *Held*:   A court may reconsider its denial of a motion for summary judgment. An affidavit that bases an assertion on another person's review of documents does not meet the requirements of Supreme Court Rule 191(a). A servicer of a mortgage has standing to sue for foreclosure of the mortgage.

¶ 2        PNC Bank sued to foreclose a mortgage on Jodi Furneaux's property. The circuit court granted PNC's motion for summary judgment on the complaint. Jodi argues on appeal that

PNC lacked standing because Wells Fargo, not PNC, owned the mortgage and the note. We find that Jodi's evidence supports the conclusion that PNC had standing as servicer of the mortgage. Accordingly, we affirm the circuit court's judgment.

¶ 3                                    I. BACKGROUND

¶ 4        MidAmerica Bank loaned Jodi and Michael Furneaux $488,000 in exchange for a promissory note and a mortgage on the Furneauxs' home in Palos Heights, Illinois. In 2015, during divorce proceedings, Jodi and Michael agreed that Jodi would assume full responsibility for paying the mortgage.

¶ 5        PNC filed a complaint for foreclosure of the mortgage in 2016, claiming standing as a mortgagee. It appended to the complaint a copy of the mortgage and the promissory note, with a blank endorsement. Michael did not respond to the complaint and the circuit court entered a default judgment against him.

¶ 6        Jodi filed an answer in which she contested PNC's standing. She relied on PNC's answer to discovery and a letter she received from PNC. In discovery she asked PNC to "identify fully the principal owner(s) and holder(s) of the Mortgage and Note at issue in this complaint." PNC named only Wells Fargo in its response. In the letter, PNC specifically asserted, "Wells Fargo Bank, N.A. is the owner of the loan."

¶ 7        PNC filed a motion for summary judgment against Jodi. The circuit court denied the motion in an order dated September 28, 2017. PNC filed a second motion for summary judgment in November 2018. PNC supported the motion with the affidavit of Sharon Lynch, a PNC employee who verified several of the assertions in the complaint. Lynch said:

"I have personal knowledge that the records at issue are generated and maintained by PNC in the course of its regularly conducted business activities. *** I *** am familiar through regular use with the computer systems that reflect the terms of the loan, the payments made, and additional fees and charges associated with the account. ***

***

*** Michael J. Furneaux and Jodi A. Furneaux are Borrowers on a promissory note *** secured by a mortgage *** that is the subject of the pending foreclosure case ***. True and correct copies of the Note and Mortgage are attached hereto ***.

*** To the extent that the business records of the loan in this matter were created by a prior servicer, the prior servicer's records for the loan were integrated and boarded into PNC's systems, such that the prior servicer's records concerning the Loan are now part of PNC's business records. *** It is the regular business practice of PNC to integrate the prior servicer's records into PNC's business records, and to rely upon the accuracy of those boarded records in providing its loan servicing functions.

*** As of 4/5/2016 12:00:00 AM, a date prior to filing the complaint, PNC was in possession of the original Note ***. Since the filing of the complaint, PNC has, and continues to remain in possession of the original Note."

¶ 8        Lynch asserted that the Furneauxs owed $426,000 plus interest and fees. She attached to the affidavit a computer printout of the Furneauxs' history of mortgage payments, and an email exchange between Lynch and another PNC employee, John Key. On October 20, 2017, Lynch asked Key, "Could you check when we had possession of the note for loan?" The copy of the

email in the record has the identification number of the loan blacked out. Key responded, "Here's the result for both of your requests. *** 01-26-16." The email from Key also has the identification for the loan blacked out.

¶ 9 Although the new motion for summary judgment raised essentially the same arguments PNC raised in its prior motion for summary judgment, the circuit court granted the renewed motion. The court added a finding of no just reason to delay appeal. Jodi filed a timely notice of appeal.

¶ 10                                    II. ANALYSIS

¶ 11 Supreme Court Rule 304(a) gives this court jurisdiction to consider the appeal. Ill. S. Ct. R. 304(a) (eff. March 8, 2016); See *JP Morgan Chase Bank v. Fankhauser*, 383 Ill. App. 3d 254, 260 (2008). Jodi argues primarily that PNC's admission that it does not own the note and mortgage creates an issue of material fact as to whether PNC has standing to sue for foreclosure of the mortgage. Jodi argues that three errors led to the erroneous resolution of the motion for summary judgment. First, the renewed order for summary judgment did not present grounds for reconsideration of the order of September 28, 2017, denying the motion for summary judgment; second, the circuit court "abused its discretion in denying Defendant's request for leave to amend its answer to include the affirmative defense of lack of standing;" and third, the court should not have relied on Lynch's affidavit, which lacked the necessary documentary support.

¶ 12                                  A. Reconsideration

¶ 13    "[A]n order denying summary judgment is an interlocutory order and nothing preclude[s] the trial court from modifying or vacating that interlocutory order before final judgment." *Chultem v. Ticor Title Insurance Co.*, 2015 IL App (1st) 140808, ¶ 52. The circuit court did not err by reconsidering its prior denial of the motion for summary judgment, even though PNC presented essentially no new evidence or arguments in support of its renewed motion. See *Rowe v. State Bank of Lombard*, 125 Ill. 2d 203, 213-14 (1988).

¶ 14                                B. Amended Answer

¶ 15    We do not understand Jodi's second issue. The circuit court allowed Jodi to file an amended answer that raised the issue of standing, and the circuit court permitted the parties to present evidence on the issue, which the court resolved on its merits. Jodi's reply brief in this court does not mention the issue of whether the court erred by denying her leave to file an amended answer. We find no error in the circuit court's ruling that permitted Jodi to raise the issue and present evidence related to the issue of PNC's standing to sue for foreclosure.

¶ 16                                    C. Affidavit

¶ 17    Supreme Court Rule 191(a) provides:

> "Affidavits in support of and in opposition to a motion for summary judgment *** shall be made on the personal knowledge of the affiants; shall set forth with particularity the facts upon which the claim, counterclaim, or defense is based; shall have attached thereto sworn or certified copies of all documents upon which the affiant relies; shall not consist of conclusions but of facts admissible in evidence; and shall affirmatively show that the affiant, if sworn as a witness, can testify competently thereto." Ill. S. Ct. R. 191(a) (eff. Jan. 4, 2013)

5

¶ 18 Lynch expressly relied on documents for her assertions concerning the mortgage at issue, and she attached several relevant documents to her affidavit. But Lynch relied on another employee, Key, and not on her own reading of the business records, to determine when PNC acquired an unidentified note. The affidavit does not show that Lynch could competently testify that "[a]s of 4/5/2016 12:00:00 AM, a date prior to filing the complaint, PNC was in possession of the original Note." See *State ex rel. Beeler, Schad & Diamond, P.C. v. Target Corp.*, 367 Ill. App. 3d 860, 871-75 (2006). The affidavit did not include the documents Key relied on to reach his conclusion concerning the unidentified note. Nothing in the documents presented to the court indicates that Key referred to the loan made to the Furneauxs. We agree with Jodi that the affidavit does not comply with Rule 191(a) insofar as it includes the assertion about when PNC acquired its interest in the loan, where Lynch based the assertion on documents not attached to the affidavit. See *U.S. Bank, N.A. v. Kosterman*, 2015 IL App (1st) 133627, ¶¶ 12-13, 19. The affidavit makes no admissible assertion concerning when PNC acquired its interest in the Furneauxs' note.

¶ 19                                        D. Summary Judgment

¶ 20 We review the order granting summary judgment *de novo*. *Espinoza v. Elgin, Joliet & Eastern Ry. Co.*, 165 Ill. 2d 107, 113 (1995). The trial court should grant summary judgment only if the pleadings, depositions, admissions and affidavits leave no unresolved issue of material fact and warrant the award of judgment to the moving party. *Rhone v. First American Title Insurance Co.*, 401 Ill. App. 3d 802, 805 (2010). PNC attached a copy of the mortgage and the note to the complaint. The copy of the mortgage and the note established PNC's *prima facie* case for standing. *U.S. Bank Trust National Ass'n v. Hernandez*, 2017 IL App (2d)

160850, ¶¶ 18-19. PNC admitted that Wells Fargo, not PNC, owned the note, but that admission did not defeat the *prima facie* case for standing. Any party "authorized to act on behalf of [the] holder" of the note and the mortgage has standing to sue for foreclosure. 735 ILCS 5/15-1208 (West 2016); see *Aurora Bank FSB v. Perry*, 2015 IL App (3d) 130673, ¶¶ 30-31. Lynch asserted in her affidavit that PNC acted as servicer for the mortgage. That assertion, supported by the computer record of the Furneauxs' loan payment history and the copy of the note with a blank endorsement, stands as uncontradicted evidence that PNC had standing, as servicer of the mortgage, to sue for foreclosure. See *Bankers Trust (Delaware) v. 236 Beltway Investment*, 865 F. Supp. 1186, 1191 (E.D.Va.1994); *In re Neals*, 459 B.R. 612, 617 (D.S.C. 2011).

¶ 21        Jodi had the burden of establishing an issue of material fact as to whether PNC had standing to foreclose the mortgage. *Bayview Loan Servicing, LLC v. Cornejo*, 2015 IL App (3d) 140412, ¶ 12. Although PNC did not present evidence concerning when Wells Fargo authorized PNC to act on its behalf as servicer of the mortgage, Jodi did not meet her burden of presenting evidence that could support a finding that PNC lacked standing when it filed the complaint for foreclosure. Accordingly, we affirm the circuit court's order granting PNC's motion for summary judgment.

¶ 22                                III. CONCLUSION

¶ 23        The circuit court could reconsider its denial of PNC's motion for summary judgment, even though PNC effectively repeated arguments it made in support of its first motion for summary judgment, which the circuit court denied. Lynch's affidavit stating her conclusion that PNC had the note as of April 5, 2016, based on another employee's review of corporate records, did

not meet the requirements of Supreme Court Rule 191(a). However, Jodi did not meet her burden of showing an issue of material fact as to whether PNC counted as a mortgagee, as the documents presented to the court support the conclusion that PNC had standing as servicer of the mortgage. Accordingly, we affirm the circuit court's order granting PNC's motion for summary judgment.

¶ 24          Affirmed.