2021 IL App (1st) 1200348-U
No. 1-20-0348
June 30, 2021

FIRST DIVISION

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1)

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| BEN M. ROTH, not individually but as Trustee for the Roselee B. Hechter Trust, dated October 30, 1992 | ) ) ) ) | Appeal from the Circuit Court Of Cook County. |
| Plaintiff/Appellee, | ) ) | |
| v. | ) ) | No. 19 M1 707655 |
| MARK HECHTER, | ) ) | |
| Defendant/Appellant, | ) ) | |
| and | ) ) | The Honorable Jim Ryan |
| ALL UNKNOWN OCCUPANTS, | ) ) | Judge Presiding. |
| Defendants. | ) | |

PRESIDING JUSTICE WALKER delivered the judgment of the court.
Justices Hyman and Coghlan concurred in the judgment.

**ORDER**

¶ 1   *Held*: The trial court did not err in granting summary judgment in favor of plaintiff for possession of property pursuant to the Eviction Act where plaintiff provided sufficient evidence to show that he is the successor trustee of a trust entitling him to possession.

¶ 2    Plaintiff Ben Roth, not individually but as the Trustee of the Roselle B. Hechter Trust, dated October 30, 1992, brought an action pursuant to section 9-201 of the Eviction Act, formerly known as the Forcible Entry and Detainer Act (ACT). 735 ILCS 5/9–101 *et seq.* (West 2018) against defendant Mark Hechter for possession of a single-family residence located in Winnetka, Illinois. The trial court entered summary judgment in favor of Roth and entered an eviction order. Hechter's motion to reconsider was denied. Hechter now appeals the trial court's summary judgment order, the eviction order, and the denial of his motion to reconsider. For the following reasons, we affirm.

¶ 3                                     BACKGROUND

¶ 4    The subject property is a 4,681 square foot single-family home, with 4 bedrooms and 4 bathrooms, on a 1.71-acre lot located at 33 Longmeadow in Winnetka, Illinois ("Property"). The Property is owned by the Roselle B. Hechter Estate Trust dated October 30, 1992 ("Trust"). Roth is the successor trustee. Hechter is the son of Roselle B. Hechter ("Mrs. Hechter") and a beneficiary of the Trust. Hechter has been living in his mother's house since it was built in the late 1960's.

¶ 5    The terms of the Trust provide for the grantor, Mrs. Hechter, to serve as trustee, and it provides that "the Trustee shall take possession of, manage, control, care for, protect, preserve, administer, invest, and reinvest the trust estate of the trust, according to the best judgment of the Trustee." On October 29, 2012, Mrs. Hechter amended the Trust by designating Roth the successor trustee "[i]n the event of the death, resignation, refusal, failure, or inability" of Mrs. Hechter to act as trustee.

¶ 6    Mrs. Hechter became ill in January 2017. Roth claims that in late 2017, he was contacted by Mrs. Hechter's financial advisors who informed him that she was not communicating with them, and she had been moved to a nursing home where she was on feeding tubes and sleeping 23 hours a day. Roth claims that he discussed the possibility of assuming his role as successor trustee with Mrs. Hechter's accountants, financial advisors, and children, including Hechter. On March 7, 2018, he formally agreed to accept his appointment as successor trustee by executing a written acceptance.

¶ 7    According to Roth, Hechter has occupied the Property and has excluded Roth and those hired by Roth to care for the Property. In the summer of 2018, Roth sent two written requests to Hechter for Hechter to move out of the Property, but Hechter failed to respond.

¶ 8    On May 16, 2019, Roth filed a complaint seeking an order for possession against Hechter and all unknown occupants. Hechter filed his appearance through counsel on July 29, 2019 but filed no answer.

¶ 9    On August 6, 2019, the trial court entered a case management order: (1) granting Roth leave to file an amended complaint, (2) ordering Hechter to file any germane counterclaims within 14 days from the date the amended complaint is filed, (3) directing parties to initiate written discovery within 7 days of Hechter answering the complaint, and (4) directing the parties to answer written discovery within 14 days.

¶ 10   On August 23, 2019, Roth filed a first amended complaint, adding a second count for use and occupancy damages against Hechter. Hechter did not file an answer to the first amended complaint, nor did he file any counterclaims or affirmative defenses.

¶ 11        On October 18, 2019, Roth filed a motion for summary judgment. On December 16, 2019, following a hearing on the motion, the trial court granted summary judgment in favor of Roth as to possession, granted an eviction order, and continued Roth's claim for use and occupancy damages.

¶ 12        Hechter filed a motion to reconsider the December 16, 2019 orders which the court denied on January 15, 2020. The parties attempted to negotiate Hechter's purchase of the Property, and the matter was continued. Subsequently, on February 27, 2020, the trial court denied Roth's claim for use and occupancy damages finding that no tenancy had been created regarding rent payments.

¶ 13        On February 14, 2020, Hechter filed a notice of appeal. He appealed the December 16, 2019 order granting summary judgment for Roth as to possession, the December 16, 2019 eviction order, and the January 15, 2020 order denying his motion to reconsider.

¶ 14                                        ANALYSIS

¶ 15        On appeal, Hechter argues that the trial court erred by granting summary judgment in favor of Roth. Specifically, Hechter asserts that genuine issues of material fact remain as to whether Roth is the trustee of the Trust with the capacity to sue and evict Hechter. Further Hechter claims that Roth submitted no admissible evidence showing that Mrs. Hechter was unable to act as trustee.

¶ 16        The parties to an eviction action may avail themselves of a motion for summary judgment where the procedural device is appropriate. *Wells Fargo Bank, N.A. v. Watson*, 2012 (3d) 110930, ¶ 13. The purpose of summary judgment is not to try a question of fact, but to determine if triable questions of fact exist. *Pielet v. Pielet,* 2012 IL 112064, ¶ 53. Summary

judgment should be granted only where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2–1005(c) (West 2018). "Summary judgment should not be granted unless the moving party's right to judgment is clear and free from doubt." *Pielet*, 2012 IL 112064, ¶ 53. Summary judgment should be denied if there is a dispute as to a material fact, or if reasonable observers might draw different inferences from undisputed material facts. *Id.* This court reviews appeals from summary judgment rulings *de novo. Adams v. Northern Illinois Gas Co.*, 211 Ill. 2d 32, 43 (2004).

¶ 17        The Act provides a summary statutory procedure for determining the issue of immediate possession. *Avenaim v. Lubecke*, 347 Ill. App. 3d 855, 862 (2004). The purpose of the Act is to "quickly restore an aggrieved party to possession of his land and to prevent breaches of the peace caused by the common law method of regaining possession of property through self-help." *Yale Tavern, Inc. v. Cosmopolitan National Bank*, 259 Ill. App. 3d 965, 971 (1994). Since the Act is in derogation of the common law, a court hearing an eviction claim is considered "a court of special and limited jurisdiction for that proceeding." *Id.*

¶ 18        "Under the Act, it is the party asserting its right to possession who bears the burden of proof and must establish its right to possession by a preponderance of the evidence." *Circle Management, LLC v. Olivier,* 378 Ill. App. 3d 601, 609 (2007). Matters that are not germane to the issue of possession may not be raised. *Avenaim*, 347 Ill. App. 3d at 861. Germane matters generally fall into one of four categories: "(1) claims asserting a paramount right of possession; (2) claims denying the breach of the agreement vesting possession in the plaintiff; (3) claims

challenging the validity or enforceability of the agreement on which the plaintiff bases the right to possession; or (4) claims questioning the plaintiff's motivation for bringing the action." *Id.* at 862. Title disputes may not be determined in an eviction action. *Id.*

¶ 19    In this case, the exact nature of Hechter's argument is unclear. He initially presents the issue for review as Roth's alleged lack of standing, but then argues that Roth lacks capacity to sue. "[S]tanding is not the same as legal capacity to sue." *U.S. Bank, N.A. v. Kosterman*, 2015 IL App (1st) 133627, ¶ 8 (quoting *Aurora Bank FSB v. Perry*, 2015 IL App (3d) 130673, ¶ 17) "Capacity to sue is something the plaintiff must allege; while lack of standing is a defense that a defendant can allege." *Kosterman*, 2015 IL App (1st) 133627, ¶ 8. Regardless of whether the issue is standing or capacity, Hechter's claim similarly fails.

¶ 20    The Act requires a plaintiff to allege that he is entitled to possession, describe the premises with reasonable certainty, and state that the defendant unlawfully withholds possession of the premises. 735 ILCS 5/9-106 (West 2018). Roth has met these statutory requirements. Standing is not an element of the cause of action a plaintiff must plead and prove.

¶ 21    A plaintiff's lack of standing is an affirmative defense as it completely defeats the plaintiff's ability to successfully prosecute its claim against a defendant. *Kosterman*, 2015 IL App (1st) 133627, ¶ 8; *Reynolds v. Jimmy John's Enterprises, LLC*, 2013 IL App (4th) 120139, ¶ 33. "As an affirmative defense, the lack of standing is the defendant's burden to plead and prove." *Nationwide Advantage Mortg. Co v. Ortiz,* 2012 IL App (1st) 112755, ¶ 24. Once a defendant has met its burden, the burden then shifts to the plaintiff. *In re Estate of Zivin,* 2015 IL App (1st) 150606, ¶ 14. Our supreme court has held that "a lack of standing will be forfeited if not

raised in a timely manner in the trial court." *Lebron v. Gottlieb Memorial Hospital*, 237 Ill.2d 217, 252-53 (2010).

¶ 22    Hechter has failed to meet his burden of proof on the issue of Roth's lack of standing. We note that Hechter did not file any affirmative defenses or an answer to Roth's first amended complaint. In his response to Roth's motion for summary judgment, Hechter argued that Roth lacked admissible evidence of Mrs. Hechter's inability to act as trustee. Hechter also argued that Roth relied on hearsay from third parties. However, these arguments alone are insufficient to prove Roth lacks standing. Hechter's arguments merely questions the circumstances surrounding Roth becoming the successor trustee but does not provide any evidence that Mrs. Hechter is still able to act as trustee. Thus, there is nothing in the record to suggest that the Trust and the amendment, on which Roth relies, are fraudulent or otherwise invalid. In an eviction action, "the only factual questions which need be answered in such a proceeding are which party is entitled to immediate possession and whether a defense which is germane to the distinctive purpose of the action defeats plaintiff's asserted right to possession." *First Illinois Bank & Trust v. Galuska*, 255 Ill. App. 3d 86, 90 (1993). Before this court is an apparently valid Trust naming Roth the successor trustee in the event of Mrs. Hechter's inability, and there is no evidence contradicting either the language of the Trust or Mrs. Hechter's alleged inability to serve as trustee.

¶ 23    "The doctrine of standing is designed to preclude persons who have no interest in a controversy from bringing suit," and "assures that issues are raised only by those parties with a real interest in the outcome of the controversy." *Glisson v. City of Marion*, 188 Ill.2d 211, 221 (1999). To have standing, a plaintiff must have some real interest in his cause of action,

or a legal or equitable right, title, or interest in the subject matter of the controversy. *Zivin*, 2015 IL App (1st) 150606, ¶ 14. The evidence presented strongly indicates that Roth has a legal interest in the Property. Given the evidence indicating Roth as the valid successor trustee, there is no question that he has a real interest in the Property. Therefore, we reject Hechter's standing argument.

¶ 24    Hechter also argues that Roth failed to plead and prove his capacity to sue. "[L]egal capacity to sue or be sued" generally refers to the status of the party, e.g., incompetent, infant, or unincorporated association. *A Plus Janitorial Co., v. Group Fox, Inc.* 2013 IL App (1st) 120245, ¶ 15. As previously noted, the Act only requires a plaintiff to allege that he is entitled to possession, describe the premises with reasonable certainty, and state that the defendant unlawfully withholds possession of the premises. 735 ILCS 5/9-106 (West 2018). There is no requirement that a plaintiff must prove his capacity to sue. The case on which Hechter relies to support his proposition that such a requirement exists is distinguishable.

¶ 25    *Aurora Bank FSB v. Perry*, 2015 IL App (3d) 130673, was a mortgage foreclosure case. The appellate court noted that an allegation of capacity as the mortgagee in a foreclosure proceeding was a material fact that must be proven. *Aurora Bank*, 2015 IL App (3d) 130673, ¶ 21. Specifically, the Illinois Mortgage Foreclosure Law lists information a complainant can allege in its pleading, including the capacity in which the complainant brings the suit. *Id*. ¶ 22; 735 ILCS 5/15–1504(a) (West 2010). "Though use of the form itself is not a requirement, a foreclosure complaint will be deemed sufficient if there is complete integration of the list provided in the statute." *Aurora Bank,* 2015 IL App (3d) 130673, ¶ 22. Here, there is no such list provided under the Act. In this case, not only did Roth meet the statutory requirements of

the Act, but he also provided sufficient evidence to show that he is the successor trustee. As such, Roth has the legal capacity to sue on behalf of the Trust. Therefore, the trial court did not err in granting summary judgment in favor of Roth, granting an eviction order, or denying Hechter's motion to reconsider.

¶ 26                                                   CONCLUSION

¶ 27          For the foregoing reasons, the judgment of the trial court is affirmed.

¶ 28          Affirmed.