2015 IL App (1st) 133627
No. 1-13-3627

SECOND DIVISION
August 18, 2015

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| U.S. BANK, N.A., as trustee for Bank of America Funding Corporation 2007-2 Trust, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 11 CH 36031 |
| MATTHEW KOSTERMAN and AMY KOSTERMAN, | ) ) ) ) | |
| Defendants-Appellants. | ) ) | Honorable Darryl Simko Judge Presiding |

PRESIDING JUSTICE SIMON delivered the judgment of the court, with opinion.
Justice Neville concurred in the judgment and opinion.
Justice Liu dissented, with opinion.

**OPINION**

¶ 1     This is a mortgage foreclosure case in which the trial court dismissed defendants'

affirmative defenses, entered summary judgment in plaintiff's favor, and entered an order of

possession in plaintiff's favor.   The trial court erred in finding that lack of standing is not an

affirmative defense.   Moreover, defendants were improperly denied the opportunity to mount a

meaningful defense because plaintiff failed to produce the records relied upon by its affiant and

refused to produce the affiant for a deposition.   Accordingly, we reverse and remand for further

proceedings consistent with this order.

¶ 2                                              BACKGROUND

¶ 3      Because the analysis in this case is best understood when examined alongside the procedural history, many of the relevant events are set forth in the analysis section.   Thus, this section will serve only as a brief outline of the events leading up to the parties being at issue.

¶ 4      On October 20, 2006, defendants Matthew and Amy Kosterman executed a mortgage for the property commonly known as 608 Bonnie Brae Place in River Forest, Illinois.   The mortgage was executed to secure a loan evidenced by a promissory note.   The lender was HLB Mortgage, a New York corporation.   Defendants apparently made payments for several years.

¶ 5      On October 18, 2011, plaintiff U.S. Bank, as trustee for Bank of America Funding Corporation 2007-2 Trust, filed a complaint to foreclose the mortgage on defendant's property alleging that defendants had failed to make payments when due.   In response to the complaint, defendants filed an answer that included two affirmative defenses.   The trial court dismissed the affirmative defenses with prejudice and did not grant leave to replead.   Shortly thereafter, plaintiff filed a motion for summary judgment which was granted, and an order of foreclosure and an order of possession were thereafter issued in plaintiff's favor.   Defendants now appeal.

¶ 6                                              ANALYSIS

¶ 7      We review the dismissal of an affirmative defense *de novo*.  *CitiMortgage, Inc. v. Bukowski*, 2015 IL App (1st) 140780, ¶ 15.   Like a motion to dismiss a plaintiff's claim, a motion to dismiss a defendant's affirmative defense should not be granted with prejudice unless it is clearly apparent that there is no set of facts that might entitle the defendant to some relief.  *Mack Industries, Ltd. v. Village of Dolton*, 2015 IL App (1st) 133620, ¶ 18; *Farmers Automobile Insurance Ass'n v. Neumann*, 2015 IL App (3d) 140026, ¶ 16.

No. 13-3627

¶ 8    Here, defendants interposed two separate defenses in their answer:   one was lack of standing and the other was lack of capacity to sue.   The trial court treated the putative defenses as one in the same.   However, "standing is not the same as legal capacity to sue."  *Aurora Bank FSB v. Perry*, 2015 IL App (3d) 130673, ¶ 17.   Capacity to sue is something the plaintiff must allege; while lack of standing is a defense that a defendant can allege.   See *id*. ¶ 16.   Regardless, the difference is not material to the outcome of this appeal because the trial court considered both as challenges to standing.

¶ 9    At the hearing on plaintiff's motion to strike defendants' affirmative defenses, the trial judge stated, "[A] claim or assertion that the plaintiff cannot maintain a cause of action is not an affirmative defense under any definition of affirmative defense."   "[A challenge to standing] doesn't say this plaintiff has a cause of action, but [the defendant] can avoid the effect of that cause of action by some other affirmative matter.   That's what an affirmative defense does."   The trial judge continued, "what you're saying is this plaintiff doesn't have a right to sue.   That's a basis for dismissal, not an assertion of a defense."   The trial court explained that lack of standing might be an "affirmative matter," (invoking the phrasing for section 2-619 motions to dismiss) but that "it just simply is not an affirmative defense."   Accordingly, the trial court struck the defenses from defendants' answer.

¶ 10    The Illinois Supreme Court has made clear that a challenge to standing in a civil case is an affirmative defense.  *Greer v. Illinois Housing Development Authority*, 122 Ill. 2d 462, 508 (1988).   So the trial judge's explanation is inconsistent with established, binding precedent. Plaintiff nevertheless claims that a challenge to standing is not an affirmative defense in a foreclosure case.   Within just the past two years, we have explained on at least six occasions that

the assertion of lack of standing in a foreclosure action is an affirmative defense that not only can be raised in an answer, but must be, or else it is waived.   See *Aurora Bank*, 2015 IL App (3d) 130673, ¶ 18; *Beal Bank v. Barrie*, 2015 IL App (1st) 133898, ¶ 39; *Bank of America, N.A. v. Adeyiga*, 2014 IL App (1st) 131252, ¶¶ 59-63; *US Bank, National Ass'n v. Avdic*, 2014 IL App (1st) 121759, ¶ 34; *Rosestone Investments, LLC v. Garner*, 2013 IL App (1st) 123422, ¶¶ 24, 28; *Parkway Bank & Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 24.   Accordingly, the trial court erred by striking defendants' affirmative defense for lack of standing as a matter of law.

¶ 11     Even though striking the affirmative defense was erroneous, we still must determine whether the trial court erred in granting summary judgment in plaintiff's favor.   We review the grant of summary judgment *de novo*.   *Cook v. AAA Life Insurance Co.*, 2014 IL App (1st) 123700, ¶ 24.   Summary judgment is appropriate when the pleadings, depositions, admissions and affidavits, viewed in a light most favorable to the nonmovant, fail to establish a genuine issue of material fact, thereby entitling the moving party to judgment as a matter of law.   735 ILCS 5/2-1005 (West 2012); *Progressive Universal Insurance Co. of Illinois v. Liberty Mutual Fire Insurance Co.*, 215 Ill. 2d 121, 127-28 (2005).   If disputes as to material facts exist or if reasonable minds may differ with respect to the inferences drawn from the evidence, summary judgment may not be granted.   *Associated Underwriters of America Agency, Inc. v. McCarthy*, 356 Ill. App. 3d 1010, 1016-17 (2005).

¶ 12     Two weeks after defendants' affirmative defenses were stricken, plaintiff filed a two-page motion for summary judgment.   Plaintiff's motion for summary judgment was supported by the affidavit of Carolyn Mobley, a vice president for loan documentation at Wells Fargo Bank.   In her affidavit, Mobley asserts that she has reviewed various records that support her averments.

However, none of the records were attached to her affidavit. The Illinois Supreme Court Rules require that affidavits submitted in support of motions for summary judgment "shall have attached thereto sworn or certified copies of all documents upon which the affiant relies." Ill. S. Ct. R. 191(a) (eff. Jan. 4, 2013). Defendants responded to the summary judgment motion with affidavits pursuant to Illinois Supreme Court Rule 191(b) (eff. Jan. 4, 2013) asserting that they could not adequately respond to Mobley's affidavit without the records or other information she relied upon.

¶ 13    In response to defendants' affidavits, plaintiff faxed defendants' counsel a copy of an 11-page loan transaction history that was not even certified by Mobley, and that did not contain any indication that the record produced was the one she relied upon. Again, the Illinois Supreme Court Rules require that the affiant identify and certify the records forming the basis of the attestations. Ill. S. Ct. R. 191(a) (eff. Jan. 4, 2013). Mobley, in fact, averred that she relied upon "data compilations, electronically imaged documents, and others" to reach her conclusions. That attestation is not in line with the single record made available for the first time while the summary judgment motion was pending. Plaintiff then transparently claimed that the records were too numerous to make available. But if that was the case, defendants were entitled to at least some access to the records. See *Champaign National Bank v. Babcock*, 273 Ill. App. 3d 292, 298 (1995) (holding that summaries may be used in place of producing a mass of documents as long as the entirety of the documents is at least made accessible to the opposing party). After producing that singular record, plaintiff, by letter dated January 31, 2013, offered defendants seven days to amend their response to the motion for summary judgment. Plaintiff proceeded to file its reply on February 14, 2013.

¶ 14    While the parties awaited a ruling on the summary judgment motion, on February 20, 2013,

defendants filed a notice of telephonic deposition requesting to depose Mobley which also requested that she produce the records she used to make out her affidavit. On February 26, 2013, the trial court granted plaintiff's motion for summary judgment. On March 5, 2013, plaintiff filed a motion to strike defendants' outstanding discovery requests that were served 15 months earlier (some of which pertained to the issue of standing) as well as to strike the notice of deposition served on Mobley. Plaintiff's argument was that the discovery requests were aimed at certain claims and defenses, including lack of standing, that had already been rejected and, thus, that the discovery was unnecessary. Plaintiff contended that all defenses at that point had been "forfeited." On July 16, 2013, the trial court struck all of defendants' outstanding discovery requests. The order of possession was made final on October 25, 2013, ending the case.

¶ 15    Plaintiff makes some plausible arguments in an attempt to counter the allegations made in defendants' affirmative defenses on the merits. But defendants never even had an opportunity to explore their defenses. Many of plaintiff's arguments offered to substantiate its standing were not raised in the trial court. The evidence offered was not so conclusive that defendants could have never raised a question of material fact. The chain of ownership and the series of indorsements, in conjunction with the interactions of the different banking and servicing entities and trusts, is relatively convoluted—at least something defendants were entitled to explore. As plaintiff acknowledges, it is the plaintiff's burden in a mortgage foreclosure case to make out a *prima facie* case that it is entitled to enforce the instrument, but plaintiff also recognizes that the defendant has the opportunity to rebut that showing.[1] Here, defendants were denied that rebuttal opportunity.

¶ 16    The dissent does not wade into the trial court's clear misstatement of the law, but instead relies on the allegations that were pled by defendants at the outset of the case. Those allegations

---

[1] See Pl. Br., p. 24, ¶ 2.

were made without the opportunity to replead and without any of the discovery requested, precisely because the trial court did not quarrel with the allegations that were pled, but instead ruled that lack of standing could not be raised in an answer as a matter of law. The dissent posits that defendants had "every opportunity" to argue their defenses. Defendants did argue them, but the defenses were stricken at the pleading stage by an erroneous ruling. To uphold the trial court's action in the way plaintiff and the dissent would have us do would require us to conclude that supplying a note, endorsed in blank, is sufficient to defeat any fathomable defense that a borrower may have to standing, and that no set of facts could entitle a defendant to any relief. But everyone agrees that supplying a note endorsed in blank is only *prima facie* evidence of ownership that could potentially be rebutted.

¶ 17    The harm to defendants was compounded by the fact that the *records* apparently relied upon by plaintiff's affiant were never made available to defendants. Defendants were denied the opportunity to depose the only person offering testimony against them. Without the records and without being able to depose the affiant, defendants had no meaningful chance to challenge the affiant's contentions. All of the information was in plaintiff's sole possession. The events leading up to the trial court's ruling essentially amounted to summary judgment by ambush. This is especially true when defendants filed affidavits under Illinois Supreme Court Rule 191(b) averring that they needed to conduct discovery to rebut Mobley's attestations, but the affidavits were not even acknowledged by the trial court.

¶ 18    The dissent would hold that there was no problem with the evidence submitted in support of the summary judgment motion; believing that the belatedly-disclosed 11-page computer printout that was never authenticated by the affiant is competent and sufficient to prove that

plaintiff was entitled to recover and the amount of damages. The dissent would also find that the seven-day extension offered by plaintiff (not even the court) was a sufficient opportunity to review the "business records" and file a counteraffidavit to challenge the evidence, therefore "defendants were not prejudiced by plaintiff's initial failure." Not only are the requisite findings and attestations to make this a business record absent, a holding that defendants should have timely responded to this new evidence would unreasonably shift the burden to defendants and would have required them to expediently respond to something not even presented by motion or presented to the court at all. It was plaintiff's burden to clearly and appropriately demonstrate its right to recovery—to the court. Not to defendants' counsel by fax. Technically, the "business record" was never even made to supplement the summary judgment motion. It was never taken into evidence and cannot support the entry of summary judgment.

¶ 19    To summarize, the trial court's decision to not let defendants pursue any claim for lack of standing beyond the pleading stage was an error of law. The more problematic issue with striking the affirmative defenses at the pleading stage was that the trial judge then prevented defendants from taking any discovery on possible defenses, or getting a clear demonstration of plaintiff's right to enforce the instrument. The dissent focuses extensively on defendants' supposed failure to conduct discovery in regard to Mobley's affidavit, but ignores plaintiff's failure to respond to *any* discovery requests, including those served in December 2012—at the beginning stages of the case. The document requests served by defendants at that time requested a whole host of relevant documents that defendants were denied. Of course, striking those discovery requests after summary judgment was entered was easy. Why would defendants need any evidence once they had already lost? The trial court's summary judgment order provides no reasoning for its

decision, and a review of the record, even with the aid of plaintiff's appellate brief, fails to make clear that there is no set of facts that might entitle defendants to some relief. It is also undeniable that plaintiff failed to prove its damages because Mobley's affidavit and any records it purported to authenticate should not have been considered. At bottom, the cumulative effect of the affirmative defense being improperly stricken, the denial of defendants' requests for discovery, and plaintiff's failure to produce the evidentiary records, was that, despite being called defendants, they were denied the opportunity to defend.

¶ 20    Accordingly, on remand, defendants are entitled to take discovery on their challenge to plaintiff's standing and to replead their affirmative defense if necessary. Defendants are likewise entitled to take discovery on the subject matter of Mobley's affidavit.

¶ 21                                    CONCLUSION

¶ 22    Based on the foregoing, we reverse the trial court's judgment.

¶ 23    Reversed and remanded.

¶ 24    Justice Liu, dissenting:

¶ 25    I dissent, because the record shows that the circuit court conducted the proceedings in a manner that allowed defendants every opportunity to raise and argue valid and well-pleaded defenses, to engage in necessary discovery related to the alleged default and amounts due on their loan, and to rebut the evidence that plaintiff presented in its motion for summary judgment. During the pendency of this case, defendants successfully avoided a default judgment despite failing to answer the complaint in a timely manner, asserted their lack of ability to admit or deny the allegations in the complaint, had the opportunity to review the pertinent records related to their loan payment history, and effectively stayed the proceedings when they filed for chapter 7 bankruptcy after the circuit court entered a judgment of foreclosure and sale. Following a review of the entire record in this case, I conclude that the circuit court did not err in striking defendants' affirmative defenses or in granting summary judgment to plaintiff. I also find that the court did not abuse its discretion when it barred defendants from proceeding with discovery requests after the judgment had been entered and when it confirmed the judicial sale of the property.

¶ 26    In 2006, defendants executed a promissory note for $747,000; as security for this indebtedness, defendants granted the lender a mortgage on their home. Five years later, they failed to pay the monthly installments due on the loan.   On October 18, 2011, plaintiff brought a foreclosure lawsuit against defendants. Six months later, after plaintiff moved for a default judgment, defendants were given additional time to appear and to respond to the complaint. Defendants filed a motion to strike and dismiss the complaint, asserting that plaintiff failed to specify the capacity in which it was bringing the suit as a "mortgagee." The court denied this motion and granted defendants some time to answer the complaint.

¶ 27   In their verified answer and affirmative defenses, defendants averred that they lacked sufficient information to either deny or admit the allegation that they had failed to pay the monthly installments due as of March 2011. They also asserted, as affirmative defenses, that plaintiff lacked capacity to sue and lacked standing to bring the foreclosure case. The affirmative defenses were later stricken. At the time plaintiff filed its motion for summary judgment, plaintiff submitted Carolyn Mobley's affidavit pursuant to Rule 191(a). Mobley attested that she had determined the amounts due and owing based on her personal examination of certain business records maintained by the loan servicing agent. No records, however, were attached to her affidavit. In response, defendants argued that Mobley's affidavit was defective under Rule 191(a) because sworn and certified copies of the records on which she relied were not attached. Defendants attested in their supporting Rule 191(b) affidavits that they were "unable to fully respond to [Mobley's] affidavit *** because any material facts which ought to be in [Mobley's] affidavit and might be included in [their] counter-affidavit" were not "known" to them. Defendants again averred that they "lack[ed] sufficient knowledge to form a belief as to whether the amounts due as claimed by Plaintiff are accurate."   No other defenses or substantive challenges to the motion—such as standing or capacity to sue—were raised in the response.

¶ 28   While the summary judgment motion was pending, defendants served plaintiff with interrogatories and requests to produce. The number of interrogatories, including subparts, totaled over 60. Plaintiff did not respond to the discovery requests and, instead, responded to defendants' affidavits by producing a copy of the loan history records for their review. Defendants then served a notice for Mobley's deposition. A dispute arose between the parties regarding the notice of

deposition and the discovery requests, and the parties' counsel engaged in 201(k) conferences to resolve the dispute.

¶ 29     On February 26, 2013, the court entered summary judgment and a judgment of foreclosure and sale in favor of plaintiff. The amounts due and owing for principal, interest, charges, and legal fees and costs, as stated in the judgment of foreclosure and sale, totaled $830,828.69 and were consistent with the figures set forth in Mobley's affidavit. Following the entry of judgment, plaintiff moved to strike the outstanding discovery requests; defendants moved to compel discovery responses and Mobley's deposition. The court entered an order striking the defendants' discovery requests and the deposition notice and barred defendants from propounding further discovery without leave of the court. On October 25, 2013, the court entered an order confirming the July 28, 2013 judicial sale of the property.

¶ 30                    Order Striking Affirmative Defenses

¶ 31     Based on my review of the record, I find no error in the order striking the affirmative defenses as to (i) lack of capacity and (ii) lack of standing. I differ with the circuit court, however, as to the grounds for striking the standing defense as a matter of law. Nonetheless, we review *de novo* the court's judgment, and even if "the court was incorrect as to [a] particular issue, we may affirm the decision of the trial court to grant summary judgment on any basis in the record, regardless of whether it relied on that ground or whether its reasoning was correct." *Castro v. Brown's Chicken & Pasta, Inc.*, 314 Ill. App. 3d 542, 552 (2000).

¶ 32     According to defendants, plaintiff lacked capacity to sue on the note because its name is listed in SEC filings as "Banc of America Funding 2007-2 Trust," not Bank of America Funding Corporation (BAFC) 2007-2 Trust. Defendants cannot prevail on this assertion because, unlike an

affirmative defense, a misnomer is "not a ground for dismissal" and "may be corrected at any time, before or after judgment, on motion, upon any terms and proof that the court requires." 735 ILCS 5/2-401(b) (West 2012). In addition, defendants' assertion that plaintiff is not an entity authorized to transact business in Illinois under the Business Corporation Act of 1983 (Act) (805 ILCS 5/1.01 *et seq.* (West 2012)) lacks sufficient factual support. It is apparent from the mortgage and note that are attached to the complaint that plaintiff was a foreign corporation conducting interstate commerce. Therefore, it was not required to obtain a certificate of authority under the Act. *Bank of America, N.A. v. Ebro Foods, Inc.*, 409 Ill. App. 3d 704, 710 (2011). Defendants' challenge to plaintiff's lack of capacity to sue fails to raise any allegations that would defeat the presumption of this exemption.

¶ 33    Additionally, defendants' challenge based on lack of standing was also deficient because it failed to raise a challenge to plaintiff's status as a mortgagee. Plaintiff has standing to enforce the note because it is the legal holder of the indebtedness. 735 ILCS 5/15-1504(a)(3)(N) (West 2012); see *Mortgage Electronic Registration Systems, Inc. v. Barnes*, 406 Ill. App. 3d 1, 7 (2010); 735 ILCS 5/15-1208 (West 2012) (defining a "mortgagee" as the holder of an indebtedness). "The mere fact that a copy of the note [was] attached to the complaint [was] itself *prima facie* evidence that the plaintiff own[ed] the note." *Parkway Bank & Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 24.   Here, the note contained specific endorsement from the original lender to American Home Mortgage and a blank endorsement by American Home Mortgage. Therefore, plaintiff is the legal holder, absent evidence to the contrary. The 2006 note is a negotiable instrument, and a note endorsed in blank is payable to the bearer. 810 ILCS 5/3-205(b) (West 2012).   Because plaintiff acquired the rights as the "bearer" of the note, it has standing to enforce

the note as the holder of the indebtedness. 810 ILCS 5/3-201(a) (West 2012). Defendants' claim that these endorsements are not clearly visible or legible is unavailing. They could have requested an opportunity to inspect the original note; it is not an uncommon practice for a lender's counsel in a foreclosure proceeding to present the original note for review in open court or at counsel's office.

¶ 34    Defendants also claim that plaintiff lacked standing because it failed to comply with the Pooling and Servicing Agreement (PSA) with respect to the assignment of the note and mortgage. Without a third-party beneficiary status, "a litigant lacks standing to attack an assignment to which he or she is not a party." *Bank of America National Ass'n v. Bassman FBT, L.L.C.*, 2012 IL App (2d) 110729, ¶ 15.   Under *Bassman*, plaintiff's actions are, at most, voidable, not void; and defendants, therefore, lack standing to challenge the assignment. *Id.* ¶ 21. For the foregoing reasons, I therefore would affirm the order striking defendants' affirmative defenses.

¶ 35                    Order Granting Summary Judgment

¶ 36    I agree with the circuit court's award of summary judgment in this case. Defendants failed to file any counteraffidavit to dispute the liability and damages asserted by plaintiff, after obtaining the documentation, *i.e.*, loan history records, that Mobley purportedly reviewed before attesting to defendants' delinquency in the Rule 191 affidavit. I also find that defendants were not prejudiced by plaintiff's initial failure to attach these business records to Mobley's affidavit, because defendants ultimately had the opportunity to review them and to assert any issue of material fact in a supplemental response to the motion. The complained-of defect in Mobley's affidavit—involving the failure to attach the records on which she relied—was effectively cured when plaintiff's counsel tendered a set of business records to defendants' counsel for review. Defendants had an opportunity, at that time, to amend their response prior to the hearing on the

summary judgment motion. At that time, it became incumbent on defendants to present counteraffidavits in opposition to the motion in order to create a genuine issue of material fact to defeat summary judgment. *PNC Bank, National Ass'n v. Zubel*, 2014 IL App (1st) 130976, ¶ 21. Defendants, however, presented no evidence to rebut either the allegation of their default on the loan or the amount that was allegedly due and owing. Here, plaintiff submitted the affidavit of Mobley to establish that defendants owed $803,378.79 in principal, accrued interest, and charges as of August 30, 2012.   If defendants disputed the alleged liability and the amount due on the note according to Mobley after reviewing the business records, they should have filed a counteraffidavit challenging the amounts in dispute.

¶ 37    Furthermore, defendants did not assert their defenses related to standing or capacity to sue in their response to the summary judgment motion. The fact that the affirmative defenses were stricken did not preclude defendants from raising them as affirmative matters in opposition to the summary judgment motion. *Aurora Bank FSB v. Perry*, 2015 IL App (3d) 130673, ¶ 20. Because defendants ultimately raised no issue of material fact as to liability and damages, summary judgment was proper.

¶ 38                  Order Quashing Notice of Deposition and Striking Discovery

¶ 39    The majority concludes that the circuit court erred in striking defendants' discovery requests on the basis that defendants were unable to assert an adequate defense because their affirmative defenses were stricken and they had no access to the loan records that Mobley relied on in preparing her affidavit.    The circuit court's ruling on discovery matters are reviewed for an abuse of discretion. *Reda v. Advocate Health Care*, 199 Ill. 2d 47, 54 (2002).   See *Parkway Bank*

*& Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 34 (according "great deference" to trial court's resolution of a discovery dispute).

¶ 40    Defendants were notified of the damages that plaintiff sought to recover on the delinquent loan as early as April of 2012, when plaintiff submitted a prove-up affidavit in support of their motion for default and judgment of foreclosure and sale. Four months later, in their verified answer and affirmative defenses, defendants represented that they lacked sufficient information to either admit or deny that they failed to pay the monthly installments due on the loan and, similarly, could not admit or deny that they owed plaintiff the alleged damages pled in the complaint. Again, during the summary judgment proceedings, plaintiff provided them a copy of the business records that contained the requested information. At that time, defendants were given the business records necessary to rebut evidence of the default and damages and should have determined whether there were specific payments, credits, assessments, penalties, fees or other amounts in dispute; they could have then sought discovery related specifically to a disputed material fact in the case. Instead, they waited until the summary judgment motion was pending before seeking discovery on the default and damages. And when they did, they filed over 60 interrogatories, including subparts, well in excess of the limited number (30) of interrogatories that a party is permitted to propound absent an agreement or leave of the court. Ill. S. Ct. R. 213(c) (eff. Jan. 1, 2007). The court did not abuse its discretion when it struck the discovery requests and quashed the notice of deposition after summary judgment and the judgment of foreclosure and sale had been entered.   See *Korzen*, 2013 IL App (1st) 130380, ¶ 60 (affirming denial of postjudgment discovery request because "when the [judgment of] foreclosure has been entered, the defendant has lost the case for all intents and purposes").

¶ 41 Under the circumstances, I find that the court did not abuse its discretion in striking defendants' request to depose Mobley and defendants' discovery requests *after* the court ruled on the motion for summary judgment and entered a judgment of foreclosure and sale.

¶ 42                              Order Confirming the Sale

¶ 43 Lastly, I find that the court did not abuse its discretion in confirming the judicial sale. The entry of an order confirming the sale is reviewed for an abuse of discretion. *CitiMortgage, Inc. v. Moran*, 2014 IL App (1st) 132430, ¶ 25. Section 15-1508(b) of the Illinois Mortgage Foreclosure Law provides:

> "Unless the court finds that (i) a notice required in accordance with
> subsection (c) of Section 15-1507 was not given, (ii) the terms of
> sale were unconscionable, (iii) the sale was conducted fraudulently,
> or (iv) justice was otherwise not done, the court shall then enter an
> order confirming the sale." 735 ILCS 5/15-1508(b) (West 2012).

Defendants do not assert that the first three grounds apply here.   The only issue, therefore, is whether "justice was otherwise not done."   In *Wells Fargo Bank, N.A. v. McCluskey*, 2013 IL 115469, ¶ 26, the supreme court explained the test vacating a sale under the fourth basis:

> "To vacate both the sale and the underlying default judgment
> of foreclosure, the borrower must not only have a meritorious
> defense to the underlying judgment, but must establish under
> section 15-1508(b)(iv) that justice was not otherwise done because
> either the lender, through fraud or misrepresentation, prevented the
> borrower from raising his meritorious defenses to the complaint at

> an earlier time in the proceedings, or the borrower has equitable defenses that reveal he was otherwise prevented from protecting his property interests."

¶ 44 Here, defendants have not asserted that, due to fraud or misrepresentation, they were prevented from raising meritorious defenses earlier in the proceedings; indeed, they did raise their defenses earlier and they were stricken. They also do not assert any equitable defenses. Under the circumstances, I would find that the court properly confirmed the judicial sale.

¶ 45 For the reasons stated, I respectfully dissent.